**KENTUCKY STATE BAR ASSOCIATION, Complainant,**

v.

**James F. DONOGHOE, Jr., Respondent.**

Court of Appeals of Kentucky.

Oct. 20, 1972.

Henry H. Harned, Director, Leslie G. Whitmer, Ky. State Bar Assn., Frankfort,

William B. Arthur, Ashland, Charles S. Cassis, Gen. Counsel, Ky. State Bar Assn., Louisville, for complainant.

Robert M. Spragens, Sr., Spragens, Avritt & Spragens, Lebanon, Amos H. Eblen, Eblen, Howard & Milner, Lexington, for respondent.

PER CURIAM.

This is a disciplinary proceeding in which the Board of Governors of the Kentucky State Bar Association found respondent guilty of unprofessional conduct and recommended that he be suspended from the practice of law for a period of one year. Respondent asserts that he was denied due process of law by reason of the fact that the disciplinary proceeding was instituted, prosecuted and judged by the Board of Governors of the Bar Association.

■ The procedure followed in this case provided respondent with a hearing before an independent trial committee whose report was the basis for consideration of the case by the Board of Governors and its recommendation. The recommendation by the Board of Governors is advisory only and such disciplinary action as may be taken is solely the prerogative of this court. The initiation and prosecution of the charges were in the hands of the Bar Association but it has no disciplinary power. That power rests with this court. The procedure followed did not deprive respondent of due process. Kentucky State Bar Association v. Stivers, Ky., 475 S.W.2d 900 (1971) and Kentucky State Bar Association v. Jansen, Ky., 459 S.W.2d 140 (1970).

This proceeding was commenced before the amendment of the Rules of the Court of Appeals effective July 1, 1971. Under the Rules then in effect the Board of Governors determined whether the complaint should be tried. Under the new Rules that determination is made by an inquiry tribunal.

■ The respondent maintains that the determination by the Board of Governors that a trial of the charges should be held, constituted a participation in the proceedings by the members of the Board who made the determination and served to disqualify them from any later consideration of the case after its submission on the merits. We do not consider the function of the Board in determining that a trial of charges should be had to be a sufficient cause for future disqualification of the members from a consideration of the case.

Finally, respondent challenges the sufficiency of the evidence to sustain the charge. The charge involved the violation of the Canons of Ethics prohibiting the solicitation of business.

The evidence discloses that in two personal injury cases, a member of the family of the injured person received a telephone call from a person who purported to be a state police officer who stated that the family could obtain a copy of the police report of the accident by calling a certain telephone number. The number given was that of the respondent and upon being called in each instance the respondent visited the family of the injured person with a contract of employment already prepared and urged that he be employed as counsel.

Respondent contends that it was not shown (and he denies) that he had any connection whatever with the purported state police officer. Assuming that those telephone calls may be classified under the heading of remarkable coincidence without complicity on the part of respondent, his conduct thereafter was unprofessional in every sense of the word.

Although the parties got in contact with the respondent under the mistaken impression that they were calling a police agency, the respondent shortly thereafter appeared before them armed with a contract of employment which he asked them to execute and he indulged in unprofessional statements which unduly flattered his legal

prowess and otherwise offered such inducement calculated to result in his employment as to constitute a grave breach of professional ethics. Even though he did not succeed in being retained as counsel he persisted in his efforts to obtain employment by subsequent long-distance telephone calls to at least one of the parties.

We think the conduct of the respondent violated the Canons of Ethics of the profession and the recommended disciplinary action is warranted.

Accordingly it is ordered that the respondent be and he is hereby suspended from the practice of law in this Commonwealth for the period of one year, subject to reinstatement as provided by RCA 3.510 and that he be required to pay the costs of this proceeding.