KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Flora STUART and Kelly D.
Thompson, Respondents.

Supreme Court of Kentucky.

July 3, 1978.

Leslie G. Whitmer, Director, Kentucky Bar Ass'n, Frankfort, for complainant.

PER CURIAM.

█ Stuart and Thompson are before us charged with engaging in unprofessional and unethical conduct by the Kentucky Bar Association because they mailed letters to two real estate agencies on their law office stationery which allegedly directly and personally solicited legal business. The two letters upon which this complaint is based were mailed on June 15, 1977 and June 30, 1977. The body of the letters reads as follows:

> "This is to advise you that our office handles all aspects of legal work concerning real estate transactions. Our fees are as follows:
>
> | Opinion of title: | 50.00 |
> | Deed preparation: | 15.00 |
> | Mortgage preparation: | 15.00 |
>
> We guarantee that every Opinion of Title from our office is researched by an approved attorney who is a member of the Kentucky Bar Association. We also guarantee that if there are no objections to title or encumbrances which must be resolved as to the title, that our opinion will be delivered to the lending institution within 48 hours of the date of your order.
>
> We thank you for your time and consideration in this matter.
>
> Sincerely yours,
>
> Thompson & Stuart"

After a full hearing the Trial Committee of the Association determined that the letters violated Disciplinary Rule 2–103(A) of the Code of Professional Responsibility [1] and recommended that Stuart and Thompson receive a private reprimand. The Board of Governors agreed finding that the letters constituted "in-person solicitation,"

---

1. "A lawyer shall not recommend employment, as a private practitioner, of himself, his partner, or associate to a non-lawyer who has not sought his advice regarding employment of a lawyer."

not advertisement, and recommended that Stuart and Thompson receive a public rather than a private reprimand.

This court is not persuaded that the letters in this case constitute "in-person solicitation" any more than any other form of advertisement.[2] *See Ohralik v. Ohio State Bar Ass'n,* —— U.S. ——, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978). The letters contain no words generally associated with solicitation. *See In re Primus,* —— U.S. ——, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978); *Kentucky State Bar Ass'n v. Donoghoe,* Ky., 486 S.W.2d 703, 704–05 (1972).

None of the evils are present here which exist in the case of "in-person solicitation." There is not even the danger of exertion of pressure or demands to encourage a person to make a speedy and possibly uninformed decision whether to seek an attorney's assistance with a problem. *Ohralik v. Ohio State Bar Ass'n, supra,* —— U.S. at ——, 98 S.Ct. at 1919, 56 L.Ed.2d at 454. The letters merely state the prices charged for routine legal services involved in real estate transactions, the qualifications of those to perform the services and the time period in which the services would be rendered by the law firm. All three of these statements are susceptible of precise measurement and verification. *See Bates v. State Bar of Arizona,* 433 U.S. 350, 375–77, 383–84, 97 S.Ct. 2691, 2704–05, 2708–09, 53 L.Ed.2d 810, 830–31, 835–36 (1977).

■ It is now beyond dispute that advertising by attorneys is constitutionally protected, unless the Association can justify prohibition of such speech by an interest which will outweigh individual and societal interests in the commercial speech. *Bates v. State Bar of Arizona, supra,* 433 U.S. at 363–65, 97 S.Ct. at 2698–2700, 53 L.Ed.2d at 823–24. Because the letters are a form of advertisement and not "in-person solicitation," they are protected, unless the Association can demonstrate sufficient justification for prohibition.

The only significant difference between the letters in this case and the form of advertisement in *Bates v. State Bar of Arizona, supra,* is that one was published in a newspaper and the other by mailing letters to real estate agencies. It is argued that by permitting private mailings two evils may result which do not exist in the case of newspaper advertisement and that this creates a sufficient interest to justify prohibition. First, there is greater potential for over-reaching and deceptive practices by unscrupulous attorneys. Second, enforcement of ethical standards of attorney advertising will become difficult, if not impossible for the Association.

In all advertising there is the potential for over-reaching and deceptive statements. The fact that an advertisement is in the form of a letter does not increase the likelihood of these evils occurring. *Bates v. State Bar of Arizona, supra,* 433 U.S. at 368–79, 97 S.Ct. at 2698–2700, 53 L.Ed.2d at 826–832; *see generally Ohralik v. Ohio State Bar Ass'n, supra; In re Primus, supra.* The letters in this case do not suffer from either of these evils and the written form provides a record of what was stated as protection against such abusive conduct. As to the second possible evil the prosecution of this very case demonstrates that enforcement of ethical standards of attorney advertising will not be impossible or overly difficult because it is allowed to take the form of a letter. Ample protection may be assured the public by promulgation of a rule which requires the attorney to mail a copy of such advertisements to the Association simultaneously with the mailing of one or more of them to members of the public.

In short the Association has failed to demonstrate a sufficient justification for prohibition of advertising by letter.

The complaint is dismissed at the cost of the Association.

All concur.

---

2. Compare definition of advertise Black's Law Dictionary 74 (4th ed. 1968) with solicit *Id.* at 1564.