

# The Attorney General of Texas

May 9, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Chet Brooks, Chairman
Senate Committee on Human Resources
Senate Chamber
Austin, Texas 78711

Honorable Carl C. Hardin, Jr.
Executive Director
Texas State Board of Dental Examiners
718 Southwest Tower
7th and Brazos Streets
Austin, Texas 78701

Opinion No. MW-20

Re: Constitutionality of Senate Bill 299 relating to dental advertising.

Gentlemen:

You have each requested our opinion on the constitutionality of the committee substitute for Senate Bill 299. Senator Brooks' request for an opinion reads in part as follows:

> Recognizing the unconstitutionality and unenforceability of the present Articles 4548f and 4548g, the Texas Dental Association and the State Board of Dental Examiners have requested the Senate Human Resources Committee to approve S.B. 299. . . .

> . . . .

> In providing an opinion on the validity of this statute, I would respectfully direct your attention to some specific concerns as to whether the Legislature can constitutionally prohibit:

> (1) All pictoral advertising including all television advertising of prices on routine services or any personal appearance, picture or voice of a dentist in any type of advertising;

> (2) All advertising of membership in or affiliation with a professional association;

(3) All advertising that in any way compares prices on any type of dental service;

(4) All advertising of prices for routine services provided by a commercial dental laboratory or dental clinic;

(5) All advertising 'recommending employment';

(6) All advertising that employs statistical data or other information based on past performance;

(7) All advertising of the quality of routine or non-routine services;

(8) All advertising of type of dental services provided such as 'complete dental services';

(9) All advertising of services that omits prices;

(10) All advertising of the type or method dental services such as by group practice through a health maintenance organization or by another system;

(11) All advertising that in any way provides any guarantee or warranty for any type of dental service.

This opinion will treat your specific inquiries as outlined above and will further discuss the specific provisions of the committee substitute for Senate Bill 299.

Bates v. State Bar of Arizona, 433 U.S. 350 (1977) is the starting point for answering your inquiry as to the permissible scope of advertising restriction consistent with the First Amendment.  At the outset Bates clearly indicates that deceptive or misleading advertising can be prohibited.  Additionally, evenly applied time, place and manner restrictions are permissible if alternative forms of communication are available and if some legitimate interest of the state is served by the restriction. Virginia State Board of Pharmacy v. Virginia Citizen's Consumer Council, Inc., 425 U.S. 748 (1976).

Bates sets forth a balancing of interests approach for determination of the allowable restriction of advertising.  If the advertised information assists the consumer's intelligent choice and is subject to ready verification, the advertisement is protected unless the state's interest in restricting the information outweighs the consumer's right to know. This approach contemplates a means by which a determination can be made as to what particular forms of advertising can be deemed misleading per se.  The Court in Bates at 368–69 rejected proferred rationales such as a potential decline in the quality of services, damage to the professional relationship or the difficulty occasioned by monitoring and enforcement as sufficiently strong state interests to warrant advertising restriction.

In Virginia Pharmacy at 771 the Court stated that restrictions on the time, place, or manner of expression were permissible if such restrictions "are justified without reference to the content of the regulated speech" and that "ample alternative channels for communication of the information" remained available.

Under the Bates analysis, that the dissemination of truthful information which is readily subject to verification and which is not misleading or deceptive may not be prohibited, and the Virginia Pharmacy approach of non-content time, place and manner restriction, it is our opinion that the legislature cannot make a blanket prohibition of:

> all advertising of membership in or affiliation with a professional association;
>
> all advertising that in any way compares prices on any type of dental services;
>
> all advertising of prices for routine services provided by a commercial dental laboratory or dental clinic;
>
> all advertising of services that omits prices;
>
> all advertising that in any way provides any guarantee or warranty for any type of dental service.

While some regulation may be permissible in these areas, we do not believe it can sweep as broadly as the formulations outlined in your letter.

It is further our opinion that attempts to prohibit advertisement of prices on television or advertisement of prices through personal appearances is not permissible under Virginia Pharmacy if it is a regulation of content. The same is true of advertising which indicates that the delivery of dental services is by group practice, health maintenance organization, or some other system.

Because advertising of quality such as the "best"/"better" variety is not subject to verification, and potentially misleading, quality advertisement may be constitutionally regulated. We believe the same rationale would permit regulation of advertising which manipulates statistical data in a misleading manner. Given the interest of the state in preventing deception and pressure tactics, this type of advertising may be constitutionally prohibited.

As currently proposed, the committee substitute for Senate Bill 299, section 2 would amend article 4548g, V.T.C.S., in the following manner.

> It shall be unlawful for any person, firm, or corporation to engage in or be guilty of any unprofessional conduct pertaining to

dentistry, directly or indirectly. Any unprofessional conduct, as used herein, means and includes any one or more of the following acts, to wit:

(a) engaging in false, deceptive, or misleading advertising either directly or indirectly, or obtaining any fee by fraud or misrepresentation;

Under current standards this section is a constitutional exercise of state regulatory power.

(b) utilizing others to solicit and/or obtain business except as otherwise authorized by law or the Rules and Regulations of the State Board of Dental Examiners;

To the extent this section is consistent with Ohralik v. State Bar of Ohio, 436 U.S. 447 (1978), a case involving in-person solicitation by a lawyer, and is an attempt to prohibit the use of "cappers," "steerers," and "runners" it is a constitutional exercise of state regulatory powers.

(c) employing directly or indirectly or permitting any unlicensed person to perform dental services upon any person;

This section is not affected by any recent Supreme Court decisions and is constitutional.

(d) circulating any statement as to the skill, method, or quality of practicing dentistry, or membership in or affiliation with any group or association;

We believe that statements relating to skill or quality are not readily subject to verification and may be regulated. We believe, however, that truthful representations of methodology are constitutionally protected.

Tradename advertising may be restricted if misleading as was the case in Friedman v. Rogers, 99 S.Ct. 887 (1979). To the extent that this section attempts to regulate such advertising it is constitutional. However, as presently drafted this provision prohibits advertising of all affiliations. As such it is our opinion that this restriction is unconstitutional.

(e) advertising the use of any anesthetic, drug, formula, medicine, method, system, or dental procedure, product, or material, or any statement or reference to a facility except the address thereof;

It is our opinion that this prohibition would potentially bar truthful advertising on the basis of content and that for this reason it is unconstitutional.

       (f) claiming or circulating any statement of professional superiority or the performance of professional services in a superior manner;

If this section is designed to regulate "puffing" we believe that it is constitutional under Bates. If, however, the section is intended to regulate statement of qualifications such as years of practice or specialty it is not a permissible exercise of legislative power.

       (g) advertising prices for non-routine professional services in the practice of dentistry, or comparative values thereof; except as authorized by the Rules and Regulations of the State Board of Dental Examiners;

The only issue before the Supreme Court in Bates was the advertising of routine legal services. It is implied in the opinion that routine services could be adequately defined to prevent misleading the consumer. To the extent that prices for non-routine services are advertised in a truthful and non-misleading manner with the appropriate disclaimers if such are warranted, it is our opinion that they cannot be entirely prohibited. We believe, however, that advertising of prices of non-routine services is subject to reasonable regulation.

       (h) failing to actually provide routine professional services in the practice of dentistry as advertised;

This section has not been affected by recent decisional law and is constitutional.

       (i) advertising to the public any commercial dental laboratory or dental clinic, except as otherwise authorized by law, or soliciting or allowing his name to be used in soliciting, business for a dental laboratory or any related business, industry or product connected with the practice of dentistry;

Friedman found the use of a tradename in the optometry profession to be sufficiently misleading as to allow regulation of the practice by the state. To the extent this section would prohibit the use of a dentist's name on services or products that he or she does not provide or manufacture, it is constitutional.

       (j) giving a public demonstration of skill or methods of practicing dentistry except as authorized by the Rules and Regulations of the State Board of Dental Examiners;

Demonstrations of skill or methods of practicing dentistry potentially have educational value to the consumer. Although such demonstrations are subject to regulation, in our opinion Bates would not allow complete prohibition of demonstrations.

(l) forging, altering, or changing any diploma, license, registration certificate, transcript, or any other legal document pertaining to the pratice of dentistry, being a party thereto, or beneficiary therein, or making any false statement about or in securing such document, or being guilty of misusing the same;

(m) using any photostat, copy, transcript, or any other representation in lieu of a diploma, license, or registration certificate as evidence of authority to practice dentistry which has not been issued by the State Board of Dental Examiners;

These sections are not affected by any recent court decisions and are constitutional.

(n) recommending employment, or requesting another person or organization to recommend employment, except as otherwise authorized by law, as a dentist, of himself, his partner or associate to a non-dentist who has not sought his advice regarding employment of a dentist;

Consistent with the limitations set forth in Bates and Kentucky Bar Ass'n v. Stuart, 568 S.W.2d 933 (Ky. 1978), which permitted a form of direct-mail advertising by attorneys, solicitation such as described in this section can be constitutionally regulated.

(o) accepting employment as a dentist under any solicitation or referral scheme which constitutes a false, misleading or deceptive act or practice as defined by the Texas Deceptive Trade Practices - Consumer Protection Act, V.A.T.S., Business and Commerce Code, Chapter 17, Subchapter E, or the rules and regulations of the Board;

This section is constitutional under current standards.

(p) advertising to guarantee, warrant or certify any dental services or to perform any dental work without pain or discomfort to the patient;

In our opinion guarantees and warranties are permissible under Bates and Virginia Pharmacy. Certification of services as performed without pain would be permissible if it is truthful and not misleading. Given the subjective nature of pain and discomfort such certifications are subject to substantial regulation.

(q) publishing or circulating testimonials, reports, number of patients or cases, statements of patients, statistical data or other information based on past performance or prediction of future satisfaction or success;

Predictions of future satisfaction or success are not subject to verification when made and may be prohibited.  The remaining concerns of this section are legitimate subjects for advertising under Bates if they are not deceptive or misleading.

> (r)  circulating  or  posting  announcements,  advertisements, displays, signs, or notices which are not in compliance with this Act and the rules and regulations adopted by the Board;

To the extent that the legislation as finally enacted meets the guidelines suggested by this opinion, the above referenced section is constitutional.

> (s) engaging or participating in any unconscionable action or course of action relating to, in connection with, or arising out of the practice of dentistry; 'unconscionable action or cause of action' means an action or practice which, to a person's detriment:
>> (1) takes advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree; or
>> (2) results in a gross disparity between value received and consideration paid, in a dental transaction;

This section is unaffected by current case law and is constitutional.

> (t) advertising bargains, cut rates, special values or comparative prices or values in dental services; or
> (u) advertising in any manner which uses slogans, jingles, pictorial material, drawings, seals, logos, or any pictures or reproductions or representations of any portion of the human body.

These sections relate to the manner of presentation and taste.  Bates dealt with the issue of professional dignity and found that that interest was insufficient to overcome the right to communicate.  While such presentations may be subject to some regulation, we do not believe they are subject to absolute bans.

### S U M M A R Y

> Senate Bill 299 which would prohibit certain types of advertising by dentists is constitutional except for portions which would prohibit the dissemination of truthful information which is readily subject to verification and which is not misleading or deceptive.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Dasher
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Dasher
Rick Gilpin
Harry Green
William G Reid
Bruce Youngblood