413 So.2d 705 (1982)
William E. McLELLAN, III
v.
MISSISSIPPI STATE BAR ASSOCIATION.
Conf. Misc. No. 61.
Supreme Court of Mississippi.
April 21, 1982.
Watkins & Eager, Hassell H. Whitworth, John L. Low, IV, Jackson, for appellant.
Jimmy Miller, Jackson, for appellee.
EN BANC.
ROY NOBLE LEE, Justice, for the Court:
The Committee on Complaints of the Mississippi State Bar filed a formal complaint against William E. McLellan, III, for violation of the Mississippi Code of Professional Responsibility. The matter was heard by a Complaint Tribunal on stipulated facts and disciplinary action[1] was adjudged against him. McLellan has appealed to this Court as provided by law.
The complaint stated the following charges against appellant:
V.
Respondent caused to be run in the yellow pages of the Jackson, Mississippi, telephone book an advertisement which set out, among other things, that consultations were available between certain hours on certain days of the week and that the first conference was free. A true and correct copy of that advertisement is attached hereto and incorporated herein by reference as Exhibit 2. [See Appendix I].
VI.
Upon information and belief, which Complainant verily believes to be true, Complainant alleges the facts to be that Respondent's running of the above mentioned advertisement attached as Exhibit 2 violated the Code of Professional Responsibility approved by the Supreme Court of Mississippi, called hereafter DR, to wit: DR 2-101[B] which prohibits advertising through magazines or displays in city telephone directories except as permitted by DR 2-102[A][7 & 8]; DR 2-102[A][8] which allows advertising in newspapers of the availability of routine *706 legal services and fees; and DR 2-101[A] which prohibits the use or participation in any form of public communication that contains professionally self-laudatory statements calculated to attract lay clients.
Appellant answered the complaint and admitted the fact of publishing the advertisement in the "Yellow Pages" of the Jackson telephone directory. He set up as affirmative defenses that, if he was found to have violated any of the sections of the Code of Professional Responsibility set forth in the formal complaint, such sections were violative of his constitutional rights.
The Complaint Tribunal found that appellant's advertisement violated three (3) sections of the Code of Professional Responsibility. The pertinent parts of those sections are:
(1) DR 2-101[A]
A lawyer shall not prepare, cause to be prepared, use, or participate in the use of, any form of public communication that contains professionally self-laudatory statements calculated to attract lay clients; ...
(2) DR 2-101[B]
A lawyer shall not publicize himself, his partner, or associate as a lawyer through newspaper (except as provided in DR 2-102[A][7] and [8]) or magazine, advertisements, radio or television announcements, display advertisements in city or telephone directories or other means of commercial publicity, .. .
(3) DR 2-102[A][8]
Publication of a notice in a newspaper having general circulation in the county where the advertising attorney maintains an office advertising the availability of routine legal services as defined herein and the fees to be charged therefor. The advertisement must include the following and only the following: Name, including name of law firm, office address and telephone number; one or more routine legal services, as defined herein, which are offered and the fixed fee to be charged therefor. Said notice may also include the names of lawyers in the firm.
(3) DR 2-102[A]
A lawyer or law firm shall not use professional cards, professional announcement cards, office signs, letterheads, telephone directory listings, law lists, legal directory listings, or similar professional notices or devices, except that the following may be used if they are in dignified form.
* * * * * *
[5] A listing of the office of a lawyer or law firm in the alphabetical and classified sections of the telephone directory or directories for the geographical area or areas in which the lawyer resides or maintains offices or in which a significant part of his clientele resides and in the city directory of the city in which his or the firm's office is located; but the listing may give only the name of the lawyer or law firm, the fact he is a lawyer, addresses, and telephone numbers. The listing shall not be in distinctive form or type... .
The sections from the Code of Professional Responsibility set out above are the only restrictions on an attorney's use of the classified section of the telephone directory for advertisement purposes. They clearly prohibit all "Yellow Page" advertisements except those which contain no information beyond the attorney's name, firm's name, address and telephone number. The findings of fact and ruling of the Tribunal amounted to total suppression of any other form of telephone directory advertising.
Appellant contends that DR 2-102[A] is unconstitutional in its restriction and limitation of an advertisement to a statement of an attorney's name, firm's name, address and telephone number.
In Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), which involved advertising in a newspaper by a member of the Arizona State Bar, the Court, in holding that the newspaper advertisement involved [See Appendix II] could *707 not be prohibited by the Bar Association, said:
Advertising that is false, deceptive, or misleading of course is subject to restraint... .
As with other varieties of speech, it follows as well that there may be reasonable restrictions on the time, place, and manner of advertising... . Advertising concerning transactions that are themselves illegal obviously may be suppressed. And the special problems of advertising on the electronic broadcast media will warrant special consideration. [433 U.S. at 383-84, 97 S.Ct. at 2709, 53 L.Ed.2d at 835-36].
The Bates decision involved a newspaper advertisement, but its scope was narrow. The only advertising media singled out for special treatment or different consideration was "the electronic broadcast media." However, the Court shed light upon any distinction which it considered to exist between newspapers and telephone directories with the following footnote in the opinion:
Moreover, we see nothing that is misleading in the advertisement of the cost of an initial half-hour consultation. The American Bar Association's Code of Professional Responsibility, DR 2-102(A)(6) (1976), permits the disclosure of such fee information in the classified section of a telephone directory. See n. 18, supra. If the information is not misleading when published in a telephone directory, it is difficult to see why it becomes misleading when published in a newspaper. [Fn. 26, 433 U.S. at 372, 97 S.Ct. at 2703, 53 L.Ed.2d at 828-29].
Princeton Community Phone Book, Inc. v. Bate, 582 F.2d 706 (3d Cir.1978) discussed the possibility of the existence of any distinction between various classes of printed media and extended full protection of the First Amendment to telephone directory advertisement.
The case of Kentucky Bar Assn. v. Stuart, 568 S.W.2d 933 (Ky. 1978), involved a form of "print media" where the accused attorney prepared a direct mail campaign relating to legal services to be performed regarding real estate transactions. He was found in violation of the Kentucky disciplinary rules and on appeal to the Supreme Court of Kentucky the judgment was reversed. The Court made the following observation:
It is now beyond dispute that advertising by attorneys is constitutionally protected unless the [Bar] Association can justify prohibition of such speech by an interest which will outweigh individual and societal interests in the commercial speech.... Because the letters are a form of advertisement and not "in-person solicitation," they are protected, unless the Association can demonstrate sufficient justification for prohibition. [568 S.W.2d at 934].
In its finding the Complaint Tribunal, sub judice, specifically found:
It is not contended or even suggested that the respondent [appellant McLellan] is guilty of any misconduct including misrepresentations, overreaching or asserting any undue influence upon clients or prospective clients.
It is clear that the advertisement under consideration in Bates v. State Bar of Arizona, supra, was larger in size, and more aggressive than that of appellant here. Since the Bates decision, the United States Supreme Court decided the case of In Re R.M.J., ___ U.S. ___, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982), on appeal from the Missouri Supreme Court. The advertisement involved there set out the name and address of the attorney, together with various branches of law he practiced, and stated he had been admitted to practice before the U.S. Supreme Court and was licensed in Missouri and Illinois. [See Appendix III].
After discussing the Bates v. State Bar of Arizona decisions, supra, and its implications, the Court said:
We now turn to apply these generalizations to the circumstances of this case.
* * * * * *

*708 Appellant was reprimanded for deviating from the precise listing of areas of practice included in the Advisory Committee addendum to Rule 4. The Advisory Committee does not argue that appellant's listing was misleading. The use of the words "real estate" instead of "property" could scarcely mislead the public. Similarly, the listing of areas such as "contracts" or "securities," that are not found on the Advisory Committee's list in any form, presents no apparent danger of deception. Indeed, as Chief Justice Bardgett explained in dissent, in certain respects appellant's listing is more informative than that provided in the addendum. Because the listing published by the appellant has not been shown to be misleading, and because the Advisory Committee suggests no substantial interest promoted by the restriction, we conclude that this portion of Rule 4 is an invalid restriction upon speech as applied to appellant's advertisements.
Nor has the Advisory Committee identified any substantial interest in a rule that prohibits a lawyer from identifying the jurisdictions in which he is licensed to practice. Such information is not misleading on its face. Appellant was licensed to practice in both Illinois and Missouri. This is factual and highly relevant information particularly in light of the geography of the region in which appellant practiced.
Somewhat more troubling is appellant's listing, in large boldface type, that he was a member of the bar of the Supreme Court of the United States. See Appendix A. The emphasis of this relatively uninformative fact is at least bad taste. Indeed, such a statement could be misleading to the general public unfamiliar with the requirements of admission to the bar of this Court. Yet there is no finding to this effect by the Missouri Supreme Court. There is nothing in the record to indicate that the inclusion of this information was misleading. Nor does the Rule specifically identify this information as potentially misleading or, for example, place a limitation on type size or require a statement explaining the nature of the Supreme Court bar.
* * * * * *
... We emphasize, as we have throughout the opinion, that the States retain the authority to regulate advertising that is inherently misleading or that has proven to be misleading in practice. There may be other substantial state interests as well that will support carefully drawn restrictions. But although the states may regulate commercial speech, the First and Fourteenth Amendments require that they do so with care and in a manner no more extensive than reasonably necessary to further substantial interests. The absolute prohibition on appellant's speech, in the absence of a finding that his speech was misleading, does not meet these requirements. [___ U.S. at ___-___, 102 S.Ct. at 938-39].
While we recognize, as was held in Bates and In Re R.M.J., supra, that the Bar may regulate advertising and impose discipline where the particular advertising is inherently likely to deceive or where the record indicates that a particular form or method of advertising has proved to be deceptive in the past, we are of the opinion that the complete elimination and blanket prohibition of advertising in the "Yellow Pages" of a telephone directory are constitutionally impermissible, and the sections of the Code of Professional Responsibility so prohibiting same here are held to be so.[2]
The appellee contends that Section DR 2-101 was violated because appellant's ad was "self-laudatory." We think the advertisements in Bates and In Re R.M.J. are far more susceptible of being self-laudatory than the advertisement published by *709 appellant here. Even though the appellant may have attempted to draw attention to himself through the advertisement (which is the purpose of all advertisements), a general condemnation of it and all advertisements may not be had under Bates. Each case has to be examined, and must stand, on its own facts. We do not consider the advertisement to be self-laudatory of appellant, and we hold there is no merit in that finding.
For the reasons stated, the order of the Complaint Tribunal is reversed, judgment is rendered here in favor of the appellant, and the complaint filed against him is dismissed.
This case was considered by a conference of the justices en banc.
REVERSED AND RENDERED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, BOWLING and DAN M. LEE, JJ., concur.
HAWKINS and DARDEN, JJ., took no part.

*710 
NOTES
[1] Public reprimand in accordance with Mississippi Code Annotated Section 73-3-319 (Supp. 1981).
[2] We recognize that advertising of any kind was/is repulsive to attorneys of the so-called "Old School."