557 So.2d 558 (1990)
MISSISSIPPI STATE BAR
v.
Carey R. VARNADO.
No. 02-BA-0601.
Supreme Court of Mississippi.
February 21, 1990.
Michael B. Martz, Jackson, for appellant.
Charles G. Copeland, Susan H. Rushing, Copeland Cook Taylor & Bush, Jackson, for appellee.
En Banc.
BLASS, Justice, for the Court:
This case was appealed by the Mississippi State Bar from the entry of Judgment of Dismissal filed on August 24, 1988, after an evidentiary hearing before a Complaint Tribunal. At the evidentiary hearing, the only charge for which evidence was offered was that Varnado had engaged in conduct prejudicial to the administration of justice and conduct involving moral turpitude. This charge arose as a consequence of Varnado's plea of guilty to a misdemeanor under federal law in the United States District Court in Louisiana growing out of a charge of making harassing phone calls for the collection of a debt. The Complaint Tribunal unanimously found that no disciplinary action against Varnado was warranted. This finding was based on the Tribunal's finding of Varnado's veracity and "the situation in which he was caught up." The Tribunal further found that no action was warranted based on the evidence presented. In speaking for the Complaint Tribunal, Judge Williamson stated:
We have arrived at a unanimous opinion as to the disposition of this matter. We've heard, of course, a great deal of testimony about your background and your reputation and what you're all about as a person. Of course, we've heard how you became involved in an unfortunate tragic situation which could to others have destroyed a reputation. Apparently that has not in your case. To a great extent our decision is based on our determination of your veracity. As I told someone a long time ago when I was first running for office, you can better tell where a person is going perhaps by looking at where he's been. As I wrote down in scribble, one of my favorite proverbs, as I read of your reputation, we can't  we feel that you were caught into a situation, and as a lot of lawyers *559 would try to do by nature and by instinct, you tried to handle the situation and you got in over your head. We could all say, I think "Except for the grace of God, go I" in this type situation.
This is gratuitous and only my observation. Although it's not evidence, I would have criticized the prosecution in this federal case very severely. I don't think it amounted to a crime based on what they charge in the first place. That's my individual opinion. I haven't consulted with the Tribunal members on that, so I offer that as my sole observation.
But in determining this  and maybe you can take this with you  "A good name is rather to be chosen than great riches and loving favor than silver and gold." You have lost time and money. You've faced a charge which should have been brought and should have been aired out, and we're glad that it was. But nevertheless, we've come to the conclusion that the State Bar has not proven a case which warrants any action whatsoever. We further decide that you should not be assessed with additional costs. That's the finding of this Tribunal. You're free to go.
In attorney discipline cases, this Court reviews the findings and conclusions of the Complaint Tribunal as well as the evidence and the law. Brumfield v. Mississippi State Bar Ass'n., 497 So.2d 800, 806 (Miss. 1986). Then this Court makes such findings and conclusions of law as it deems appropriate, based upon the whole record. Id.; Mississippi State Bar v. Strickland, 492 So.2d 567 (Miss. 1986); Clark v. Mississippi State Bar, 471 So.2d 352, 357 (Miss. 1985); Levi v. Mississippi State Bar, 436 So.2d 781, 783 (Miss. 1983); Mississippi State Bar v. Phillips, 385 So.2d 943, 944 (Miss. 1980).
While this Court accords deference to the findings of the Tribunal, this Court has the non-delegable duty of ultimately satisfying itself as to the facts, and reaching such conclusions and making such judgments as it considers appropriate and just. Strickland, 492 So.2d at 571. This Court is not prohibited from giving to the findings of fact made by the Complaint Tribunal such weight as in its judgment they deserve, so long as this Court does not lose sight of its own non-delegable duty. Levi, 436 So.2d at 783.
The burden to be met in support of discipline is clear and convincing proof. Id. Considering the record as a whole, we agree with the facts as found by the Complaint Tribunal and hold that the Mississippi State Bar failed to prove by clear and convincing evidence the evidentiary and ultimate facts necessary to support a judgment that Varnado should be disciplined or disbarred. See Id. at 784. Therefore we affirm and adopt the findings and judgment of the Complaint Tribunal and dismiss the complaint.
AFFIRMED, AND COMPLAINT DISMISSED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON and PITTMAN, JJ., concur.
SULLIVAN, J., not participating.