621 So.2d 235 (1993)
ATTORNEY W.L.
v.
The MISSISSIPPI BAR.
No. 91-BA-0028.
Supreme Court of Mississippi.
July 15, 1993.
Laurel G. Weir, Philadelphia, for appellant.
Charles J. Mikhail, Jackson, for appellee.
En Banc.
McRAE, Justice, for the Court:
Attorney W.L. appeals a December 13, 1990, judgment of a Complaint Tribunal imposing a public reprimand upon him. The Tribunal found that Attorney W.L. had violated provisions of the Rules of Professional Conduct in his representation of the plaintiff in the aborted settlement of a case at a pre-trial settlement conference before the circuit court.
After considering the record and hearing oral argument, we find that the decision of the Complaint Tribunal is not supported by clear and convincing evidence. Instead, we find only a case where two minds clearly failed to meet. Accordingly, we reverse the decision of the Tribunal and dismiss the complaint against Attorney W.L.

I.
Attorney W.L. represented his client, a poultry grower, in a breach of contract action against Happy Valley Farms, a poultry producer.[1] A pre-trial conference was held on January 5, 1988. Following the custom and practice of the local circuit court, the client was present at the courthouse, outside chambers, during the pretrial settlement conference. The circuit judge expressed his opinion that a settlement *236 of $1,500.00 would be appropriate. Attorney W.L. conferred with his client, who rejected the proposal, but, according to the attorney, indicated that he would be willing to take twice that much. The client immediately left to go deer hunting, and Attorney W.L. reported to the circuit judge and counsel for Happy Valley that his client would take $3,000. Counsel for Happy Valley indicated that he would have to obtain consent from his client to exceed the $2,500.00 settlement he had been authorized to offer, and would let everyone know the results the following day. Attorney W.L.'s client, however, denied that he had agreed to a $3,000.00 settlement.
By letter dated January 22, 1988, counsel for Happy Valley sent Attorney W.L. a settlement check for $3,000.00. Also enclosed were a release for W.L.'s client to sign, insuring that he would not seek further damages from Happy Valley under another name such as that of his daughter; a stipulation; and an order of dismissal with prejudice. Thus, the defense attorney changed the terms of the settlement offer by requiring another person, not a party to the lawsuit, to release Happy Valley.
Attorney W.L., in turn, sent a letter to his client on January 23, 1988, stating:
I need to talk to you in reference to your case. Please call me for an appointment so that we may discuss same with you.
Attorney W.L. testified that he made numerous other attempts to contact his client during the next two months. He maintained that he tried to explain the settlement and release to his client, but that the client was hard of hearing and more interested in deer hunting than his lawsuit. Attorney W.L. further stated that his client would never fully state his position on the settlement because he was concerned that signing the release would preclude him from participating in a class action suit against Happy Valley. The client, however, testified that Attorney W.L. never discussed the terms of the settlement with him, despite their many visits and conversations.
Counsel for Happy Valley testified that Attorney W.L. failed to respond to his January 22 letter and, when asked about the status of the settlement, would tell him only that he had had a hard time contacting his client. On March 25, 1988, counsel for Happy Valley wrote to Attorney W.L., informing him only that the case was set on the circuit court trial docket for April 5, 1988, and requesting Attorney W.L. to inform him, as well as the circuit judge, of the status of the case. The record shows that Attorney W.L. again wrote to his client on both March 30 and March 31, 1988, advising him that there were further developments in the case which they needed to discuss.
On Saturday, before the hearing on April 5, Attorney W.L. met with his client. The client maintained that he first learned about the $3,000.00 settlement check at that time. At the meeting, Attorney W.L. and his client decided that the attorney should withdraw from his representation in the case.
By letter dated April 5, 1988, Attorney W.L. informed counsel for Happy Valley that his client did not wish to accept the "compromise settlement offer" and that he was filing a motion to withdraw as counsel.
After a hearing on Attorney W.L.'s motion to withdraw as counsel was held April 5, 1988, where the motion was presented by Attorney W.L.'s law partner, the case was continued.
Counsel for Happy Valley filed a motion for sanctions in the form of attorney fees against Attorney W.L., which was considered at a May 24, 1988, hearing. After hearing testimony by the client, counsel for Happy Valley and Attorney W.L., the judge imposed sanctions against Attorney W.L. of $720.00 in attorney's fees and $36.00 in expenses for failing to notify counsel for Happy Valley and the circuit court of his client's rejection of the settlement.
Attorney W.L.'s conduct with respect to the representations made to counsel for Happy Valley and the circuit court regarding his client's willingness to settle the case was communicated to the Mississippi Bar on July 5, 1988. The Bar filed its Formal Complaint against Attorney W.L. on February 5, 1990. Attorney W.L. responded with *237 a motion to dismiss or, in the alternative, to continue and hold the matter in abeyance on February 23, 1990.
A hearing was held before a Complaint Tribunal on October 10, 1990. Finding that Attorney W.L. had violated Rules 1.2(a), 1.3, 1.4 and 8.4(a), (c) and (d) of the Rules of Professional Conduct, the Tribunal recommended the imposition of a public reprimand.

II.
The Bar contends that Attorney W.L. violated the following Rules of Professional Conduct in his representations to counsel for Happy Valley and to the trial court that his client had agreed to settle the case for $3,000.00 and in his handling of his client's case:
A. Rule 1.2(a), which provides that a lawyer shall abide by his client's decisions concerning the objectives of representation and by his client's decision whether to accept an offer of settlement;
B. Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client;
C. Rule 1.4, which requires a lawyer to keep his client reasonably informed about the status of a matter and shall explain matters to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; and
D. Rule 8.4(a), (c) and (d), which specify that it is professional misconduct for an attorney to violate or attempt to violate the rules of professional conduct; to engage in conduct involving dishonesty, fraud, deceit or misrepresentation; and to engage in conduct that is prejudicial to the administration of justice.
When reviewing bar disciplinary matters, this Court "reviews de novo, on a case by case basis, sitting as triers of fact, and no substantial evidence or manifest error rule shields the Tribunal from scrutiny." Mississippi State Bar v. Blackmon, 600 So.2d 166, 171 (Miss. 1992), quoting Foote v. Mississippi Bar Ass'n, 517 So.2d 561, 564 (Miss. 1987) The Court reviews the record, findings and conclusions of the Tribunal, in their entirety, and renders such orders as it deems appropriate. Attorney BT v. Mississippi Bar, 589 So.2d 119, 121 (Miss. 1991), Vining v. Mississippi State Bar Ass'n, 508 So.2d 1047, 1048 (Miss. 1987).
The burden is on the Bar to show by clear and convincing evidence that an attorney's actions constitute professional misconduct. Attorney Q. v. Mississippi State Bar, 587 So.2d 228, 232 (Miss. 1991); Mississippi State Bar v. Odom, 566 So.2d 712, 714 (Miss. 1990); Netterville v. Mississippi State Bar, 397 So.2d 878, 884 (Miss. 1981).
Having carefully reviewed the record and listened to oral arguments, we find that the Bar has not met this burden. At best, the evidence reveals a miscommunication between Attorney W.L. and his client. During the pre-trial conference, the circuit court recommended a $1,500.00 settlement. Attorney W.L. discussed this with his client, who was waiting outside chambers. The client disagreed, but, according to Attorney W.L., told him he would take twice that amount. The client immediately left to go deer hunting, and Attorney W.L., adding $1,500.00 plus $1,500.00, communicated to the judge and opposing counsel that his client would accept $3,000.00.
We do not find in the record any evidence of actionable conduct rising to the level of fraud, deceit, dishonesty or misrepresentation. We note further that Attorney W.L.'s client and Happy Valley ultimately reached a settlement of $3,000.00, providing him the opportunity to raise another flock of chickens.
We further find that the evidence does not support the Bar's contention that Attorney W.L. was anything less than prompt and diligent in representing his client and in keeping him informed of the status of the case. Attorney W.L. first wrote to his client on January 23, 1988, the day after he received the check and the release form containing additional terms from counsel for Happy Valley. He apparently made other attempts to contact his client by letter and telephone, and discussed the case with him on several occasions. We cannot *238 fault Attorney W.L. for not referring directly to a "settlement." The inclusion of the release, barring the client from any further litigation against Happy Valley either in his name or in that of his daughter, who was not a party to the lawsuit, when he and other farmers had been contemplating a class action suit against the corporation, added new terms to the agreement not originally contemplated by the parties. It was, in effect, a counter-offer and not a true settlement.

III.
Reviewing de novo the evidence before us, we find that the Bar has failed to make a clear and convincing showing that Attorney W.L. intentionally misrepresented his client's agreement to settle to the trial court or the defendant's attorney. Finding as we have, we need not address the assignments of procedural error raised in this appeal.
Accordingly, the decision of the Tribunal to impose a public reprimand on Attorney W.L. is reversed and the complaint dismissed.
DECISION OF THE COMPLAINT TRIBUNAL IS REVERSED AND THE COMPLAINT IS DISMISSED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
NOTES
[1] The defendant had cancelled its growing contract with the client because an unacceptably high percentage of the chickens he raised suffered from breast blisters.