649 So.2d 820 (1995)
The MISSISSIPPI BAR
v.
ATTORNEY R.
No. 93-BA-00442.
Supreme Court of Mississippi.
January 26, 1995.
*821 Charles J. Mikhail, Pascagoula, Michael B. Martz, Jackson, for appellant.
EN BANC.
McRAE, Justice, for the Court:

INTRODUCTION
A formal complaint was filed by the Mississippi Bar charging Attorney R with violating Rules 7.1(a), 7.2(f) and 7.4(a) and (b) of the Mississippi Rules of Professional Conduct which deals primarily with lawyer advertising and the failure to print the required disclaimer. The complaint also charged Attorney R with violating Miss. Code Ann. § 73-3-35 (1972) which is an oath that an attorney makes pledging that he will practice in good fidelity.
A hearing was held in front of the Complaint Tribunal whereupon the Bar's motion for summary judgment was granted and Attorney R's motion to dismiss was denied. An Opinion and Judgment was rendered by the Tribunal which found Attorney R guilty of violating all three rules and the statute. Attorney R was commanded to pay for the costs of the proceeding and given a private reprimand. Thereafter, Attorney R timely perfected this appeal. He raised the following issues on appeal:
I.
The omission of the disclaimer was not false, deceptive or misleading per se.

*822 II.
The rules, if found to be an irrebuttable presumption that it is a per se violation not to include a disclaimer, violates the Fifth and Fourteenth Amendment Due Process Clauses of the United States Constitution.
III.
If the Court does not find merit with the first issue, then the rules violate the attorney's First Amendment right of free speech.
IV.
The rules have been unenforced in the past, and therefore, warrant no discipline in this instance.
V.
The discipline does not satisfy the purpose of the rules.
The Bar counterclaimed on appeal for more severe discipline for the violations of which the Complaint Tribunal found him guilty. Finding that the Complaint Tribunal appropriately analyzed and applied our Rules of Professional Conduct, we affirm Attorney R's punishment of a private reprimand and costs of the proceeding and deny the Bar's counterclaim for more severe discipline.

STATEMENT OF FACTS
Attorney R is a resident of Jackson, Mississippi and was a member of the Mississippi Bar at the time of his alleged violations of the Mississippi Rules of Professional Conduct. Attorney R advertised his legal services in The Real Yellow Pages of South Central Bell's Greater Jackson Telephone Book for the 1989-90 and 1990-91 editions.
The advertisements listed Attorney R as practicing in the following particular fields of law: auto accidents, faulty products, medical negligence, worker's compensation and bankruptcy. This listing did not include the requisite statement that Mississippi does not certify expertise in particular fields of law. The crux of this case is the omission by Attorney R of the following disclaimer in his advertisements: "Listing of these previously mentioned area(s) of practice does not indicate any certification of expertise therein." Mississippi Rules of Professional Conduct Rule 7.2(f) (emphasis added). Before the Complaint Tribunal, Attorney R denied that the failure to include the statement was, as a matter of law, misleading, false or deceptive communication, but he did not deny that his advertisements omitted the language required by the rule. The Complaint Tribunal found such blatant disregard for the rules to necessitate punishment and issued a private reprimand in its Opinion and Judgment dated April 5, 1993.

DISCUSSION OF LAW
The Rules of Professional Conduct which Attorney R was charged with violating are summarized as follows:
1.
Rule 7.1(a) which provides that a lawyer shall not make a false, deceptive or misleading communication about the lawyer or the lawyer's services.
2.
Rule 7.2(f) which provides that if a public communication, other than an approved law list or law directory, refers to areas of law in which a lawyer performs or wishes to perform professional services, except those areas specifically governed by Rule 7.4(b), it must include immediately after the listing the following statement: "Listing of these previously mentioned area(s) of practice does not indicate any certification of expertise therein." Any public communication through a written medium shall contain such statement in type no smaller than the largest size print used to list the areas of practice. (emphasis added).
3.
Rules 7.4(a) & (b) provides that a lawyer may communicate the fact that the lawyer does or does not participate in particular fields of law; however the lawyer must include the statement required by Rule 7.2(f). A lawyer may not state or imply *823 that he is a specialist except where he is designated a "Patent Attorney" or a substantially similar designation by the United States Patent and Trademark Office or where he is engaged in admiralty practice.
Attorney R was also charged with violating a statute which comprises an oath for attorneys to make to each court. The pertinent portion of which follows:
[w]ill demean myself, as an attorney and counselor of this court, according to the best of my learning and ability, and with all good fidelity as well to the court as to the client; that I will use no falsehood nor delay any person's cause for lucre or malice, and that I will support the constitution of the State of Mississippi so long as I continue a citizen thereof.
Miss. Code Ann. § 73-3-35 (Revised 1989).
This Court has addressed attorney advertising in the Yellow Pages when attorneys' conduct of this State was governed by the Code of Professional Responsibility. McLellan v. Mississippi State Bar, 413 So.2d 705 (Miss. 1982). McLellan held that "the Bar may regulate advertising and impose discipline where the record indicates that a particular form or method of advertising has proved to be deceptive in the past ..." Id. at 708.
The standard of proof for the Complaint Tribunal is clear and convincing evidence. Attorney Q. v. Mississippi State Bar, 587 So.2d 228, 231 (Miss. 1991). This burden of proof is on the Bar to show in disciplinary proceedings that the attorney violated the rule(s) in question. Terrell v. Mississippi Bar, 635 So.2d 1377, 1384 (Miss. 1994); Attorney W.L. v. Mississippi Bar, 621 So.2d 235, 237 (Miss. 1993). While bar disciplinary proceedings are quasi-criminal in nature, "the beyond-a-reasonable doubt standard does not apply; rather, we require an intermediate level of certainty regarding the facts at issue, to-wit; a clear and convincing evidence standard." Id., 587 So.2d at 232. (citing Mississippi State Bar v. Odom, 566 So.2d 712, 714 (Miss. 1990); Mississippi State Bar v. Nichols, 562 So.2d 1285, 1287 (Miss. 1990); Levi v. Mississippi State Bar, 436 So.2d 781, 783 (Miss. 1983); and Netterville v. Mississippi State Bar, 397 So.2d 878, 884 (Miss. 1981).
Attorney R asserted that his omission was not proven to be false or misleading to the public. He said that it may or may not mislead the public, and a possibility does not rise to the higher standard of clear and convincing evidence. The Rules of Professional Conduct are interpreted "from the perspective of the reasonable client or, in this instance, the reasonable lay person with whom the lawyer is charged with misleading." Attorney Q. v. Mississippi Bar, 587 So.2d 228, 231 (Miss. 1991). The United States Supreme Court has specifically mentioned that listings of areas of practice have the potential to mislead the public. See In re R.M.J., 455 U.S. 191, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982). Attorney R offered to the Complaint Tribunal a convoluted argument about truthfulness claiming that there is nothing untruthful about the listings that he practices law in the areas mentioned in the ads. He further argued that there was no factual finding that he could not represent the public in these areas. This technicality totally misses the boat. The Bar is not arguing that Attorney R is incapable of practicing law in these areas; the argument is that he cannot hold himself out as an expert which he impliedly does to the public when he lists his areas of practice. Attorney R countered this argument by claiming Rule 7.2(f) is in conflict with Rule 1.1 which he claimed requires expertise if he performs work in particular areas. Rule 1.1 does not require expertise, but rather, competency.
The Bar does not limit what an attorney can include in an advertisement unless information contained in the advertisement is misleading, deceptive, or false. The idea is to ensure that lay people are not misled by the listing of areas of practice in the absence of certification of specialties in Mississippi. Attorney R claimed that the listings do not suggest any greater degree of professional qualification; the Bar believed to the contrary. Certainly, the implication of exceptional capabilities can arise. The public could easily assume that an attorney who lists area(s) of practice in an advertisement is either a specialist or more competent in the particular area(s) listed than attorneys who *824 do not advertise those particular area(s) or who advertise the area(s), but use the disclaimer. The disclaimer is to prevent misleading statements to the public and to prevent a disservice to all the attorneys who comply with the rule.
Attorney R's second and third issues on appeal allege constitutional violations. The United States Supreme Court has addressed the issue of attorney advertising within the context of constitutional rights. See, Peel v. Attorney Registration and Disciplinary Commission of Illinois, 496 U.S. 91, 110 S.Ct. 2281, 110 L.Ed.2d 83 (1990); Shapero v. Kentucky Bar, 486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988); and In re R.M.J., 455 U.S. 191, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982). The Mississippi Rules of Professional Conduct are in line with the United States Supreme Court's mandate in In re R.M.J. which set forth that a state may prohibit misleading advertising entirely, but it may not place an absolute prohibition on potentially misleading information if the information could also be presented in a way that is not deceptive. Id. at 202-03, 102 S.Ct. at 937 (specifically mentioning listings of areas of practice as being potentially misleading, not per se misleading).
Mississippi does not prohibit a lawyer like Attorney R from exercising his First Amendment rights of free speech, but the state has an interest in protecting the public, and hence, can regulate any potentially misleading communication as reasonably necessary. Attorney R's Fifth Amendment argument that regulations are not to be unreasonable, arbitrary or capricious in order to satisfy due process requirements is without merit.
This Court has recognized that listing of areas of practice by attorneys has the potential to mislead the public, therefore the Bar's argument that it has a substantial interest on behalf of the state to regulate attorneys' conduct in this area is accepted. "[W]hen the particular content or method of the advertising suggests that it is inherently misleading or when experience has proved that in fact such advertising is subject to abuse, the States may impose appropriate restrictions." In re R.M.J., 455 U.S. at 203, 102 S.Ct. at 937. Consequently, Attorney R's argument that his constitutional rights have been violated are unfounded.
This Court conducts a de novo review in a bar disciplinary matter which necessarily includes a review of the sanctions imposed. Hoffman v. Mississippi State Bar, 508 So.2d 1120, 1124 (Miss. 1987); Myers v. Mississippi State Bar, 480 So.2d 1080, 1089 (Miss. 1985).
[D]eference is accorded the findings of the Complaint Tribunal but this Court has the non-delegable duty of ultimately satisfying itself as to the facts, and reaching such conclusions and making such judgments as it considers appropriate and just.
Mississippi State Bar v. Varnado, 557 So.2d 558, 559 (Miss. 1990).
On appeal, the Bar sought discipline greater than a private reprimand. "The most important consideration in imposing sanctions is that the punishment be sufficient to `vindicate in the eyes of the public the overall reputation of the bar.'" Mississippi Bar v. Hall, 612 So.2d 1075 (Miss. 1992) (citing Mississippi State Bar Ass'n. v. A Mississippi Attorney, 489 So.2d 1081, 1084 (Miss. 1986). Attorney R complained that the punishment he received should not be warranted because, according to him, the rules prior to this time were not enforced, and furthermore, the discipline did not satisfy the purpose of the rules. The Bar denied selective prosecution of advertising violations amongst attorneys claiming it sent 20-38 different notices during the 1989-90 and 1990-91 time periods, and all of the attorneys except Attorney R chose to bring their ads in compliance with the rules. The Bar had no formal written complaint against Attorney R's or any other attorney's action, but rather, reviewed the yellow pages advertisements in several cities in response to "letters of inquiry" and comments from other lawyers.
In cases involving attorney misconduct, this Court has set forth several factors for determining the appropriate discipline for attorney misconduct. Mississippi Bar v. Attorney ST, 621 So.2d 229, 233 (Miss. 1993); Hall v. Mississippi Bar, 631 So.2d 120, 125 (Miss. 1993) and Hall, 612 So.2d at 1077 (citing Mississippi State Bar v. Blackmon, 600 *825 So.2d 166, 173 (Miss. 1992); Mississippi Bar v. Strauss, 601 So.2d 840, 844 (Miss. 1992); Attorney Q. v. Mississippi State Bar, 587 So.2d 228, 234 (Miss. 1991); and Fougerousse v. Mississippi State Bar Ass'n., 563 So.2d 1363, 1366 (Miss. 1990). The factors are: (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) the protection of the public; and (5) the sanctions imposed in similar cases. Id.
Nothing can be more clear and convincing than the actual photocopies of the advertisements as they appeared in the telephone book evidencing Attorney R's omission of the statement. Perhaps no other activities, aside from an attorney's actions themselves, communicate more about the profession than advertisements. It is imperative that the profession be regulated in this area to avoid an already diminishing view of the judicial system by the American public. Given the magnitude of this subject and Attorney R's obvious disregard for the rules, sanctions were appropriately imposed in this case.

CONCLUSION
There is clear and convincing evidence of the existence of violations by Attorney R of Rules 7.1(a), 7.2(f), and 7.4(a) and (b). In addition, there is clear and convincing evidence based on the transcript that Attorney R knew he was violating the Rules by not including the disclaimer in his advertisements. While the statute's language sweeps over the conduct required of Attorney R, there is more than sufficient evidence based on the exhibits to issue a private reprimand to him for his omissions pursuant to the Rules.
As there were no material facts that were truly disputed, the Mississippi Bar was rightly entitled to a judgment as a matter of law. Finally, considering the nature of Attorney R's violations of the Rules, the imposition of a private reprimand was quite generous of the Tribunal and more than appropriate. Accordingly, the Bar's request that Attorney R's discipline be more extensive is denied, and the holding of the Complaint Tribunal is affirmed.
JUDGMENT IS AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.