PER CURIAM.
We reject appellant’s argument that fundamental error occurred in that he was charged with a non-existent crime. The information charged him with the existing crime of unlawfully handling, fondling or assaulting a child under the age of 16 years in a lewd and lascivious manner, by penetrating the victim’s vagina with his finger, without committing the crime of sexual battery, under section 800.04, Fla. Stat.
Because of the language used in the information, we find this case distinguishable from Jozens v. State, 649 So.2d 822 (Fla. 1st DCA 1995), in which the defendant was charged with committing a lewd and lascivious act in the presence of a child under 16 by committing sexual battery, and this court concluded that “the state’s use of the phrase ‘by committing sexual battery upon said child’ rendered the entire count fatally flawed,” thus failing to charge an existing crime. 649 So.2d at 324. The case is further distinguishable from Jozens in that, in that case, the defendant had been convicted improperly of both sexual battery and lewd and lascivious conduct, since by virtue of the phrase “without committing the crime of sexual battery” in section 800.04, the two offenses are mutually exclusive, see State v. Hightower, 509 So.2d 1078 (Fla.1987). Further, in Jozens the court noted that because of the child’s age, “any activity proscribed in section 794.011(l)(h), perpetrated upon a victim of less than twelve years of age necessarily constitutes the crime of sexual battery and by definition cannot be considered lewd and lascivious conduct under section 800.04.” In the present ease, the appellant was convicted only of lewd and lascivious assault, and was not convicted of the crime of sexual battery, and the victim was not under age 12. Appellant was properly charged and convicted of lewd and lascivious assault without committing sexual battery.
AFFIRMED.
JOANOS and WOLF, JJ., and SMITH, LARRY G., Senior Judge, concur.