314 So.2d 145 (1975)
THE FLORIDA BAR, Complainant,
v.
Leonard MORIBER, Respondent.
No. 44978.
Supreme Court of Florida.
April 9, 1975.
On Petition for Rehearing May 30, 1975.
*146 Norman A. Faulkner, Staff Counsel, and Wilson J. Foster, Jr., Asst. Staff Counsel, Tallahassee, for complainant.
Leonard Moriber, in pro per.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against Leonard Moriber is before us on complaint of The Florida Bar and Report of the Referee. The respondent did not file a petition for review. We required briefs to be filed pursuant to Integration Rule 11.09(3)(b).
The pertinent facts are as follows. On March 11, 1971, the respondent entered into a written employment agreement with one Theodore Pietz, whose mother had recently died. Under the terms of the agreement, the respondent was to collect all moneys due to Pietz as a result of his mother's death. In return, the respondent was to be paid a contingent fee of 33 1/3% of the gross recovery if the matter were settled without suit and 40% of this sum if suit were filed. The respondent had knowledge there was approximately $20,000.00 of assets due the client from a mutual trust fund in which the client was the sole named beneficiary. By his own admission, the respondent believed that there was no will or estate to be probated.
The respondent proceeded to process for collection a $23,126.10 certificate issued by the mutual fund. He also collected $444.00 from Blue Cross, $255.00 from Social Security, *147 and $124.31 from a savings and loan association account. In total, the respondent collected funds in the amount of $23,949.41 without the necessity of instituting suit and without objection by any other parties regarding the payment of these funds to Mr. Pietz. Respondent calculated the amount due him for his legal work on Mr. Pietz' behalf to be $7,983.14. In response to a letter allegedly written by Mr. Pietz, the respondent advised his client that he would send Mr. Pietz $13,468.05 upon request, provided Mr. Pietz would first execute a general release in favor of the respondent. A review of the exhibits of the proceedings indicates that the respondent persisted in this requirement long after he had been advised that Mr. Pietz was contesting the matter of the fee.
The Bar filed its complaint against the respondent alleging that the above fee was "clearly excessive" and therefore violative of Disciplinary Rule 2-106 of the Code of Professional Responsibility. This rule provides in part:
"(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee." [Emphasis supplied]
The respondent admitted that he had entered into the employment agreement but contended that it was thoroughly discussed and explained to the client prior to execution; that respondent had advised the client that he need not employ respondent if he did not so desire; and that the client had executed the agreement and employed the respondent with knowledge of these facts. The respondent also alleged that he had flown from Miami to the client's place of employment in Newark, New Jersey, where he presented the closing statement to the client. The client allegedly accepted this statement and approved all disbursements, including the attorney's fee.
A hearing was conducted before a Referee, whose findings of fact, recommendation of guilt, and recommendation of discipline are as follows:
"FINDING OF FACT
"After considering the pleadings, exhibits and evidence before me, I find that:
"1. It is my opinion that the claims collected by Respondent were not contingency claims, and it was improper for Respondent to demand the execution of the contingency agreement.
"2. Respondent procured an agreement from Client for the payment of an excessive fee, in that the services rendered by Respondent would be tantamount to the legal work required in the administration of a small estate. The schedule of minimum fees adopted by The Dade County Bar Association in 1970 provides that the minimum fee for the administration of an estate up to $10,000.00 is $500.00, and 5% on the excess up to $100,000.00. If the estate of Client's mother were administered in Dade County, Florida, a reasonable fee would have been $1,200.00.
"RECOMMENDATION OF GUILT
"Giving Respondent the benefit of doubt, it is my opinion that a reasonable fee for the services rendered to Client is $2,500.00. I recommend that Respondent reimburse Client the difference between $2,500.00 and expenses incurred by Respondent in processing the collections of the funds and $7,983.14. In addition thereto, Respondent should pay for the cost of transcribing the proceedings and the reproducing costs of the exhibits.
"RECOMMENDATION OF DISCIPLINE
"It is recommended that if Respondent fails to comply with the Referee's recommendations, *148 then he should be disciplined in such manner as the Court deems necessary."
In July, 1973, the respondent having failed to comply with this original order of the Referee, the following additional Recommendation of Discipline was made:
"It is recommended that if Respondent fails to comply with the Referee's recommendations within a period of fifteen (15) days from August 6, 1973, then Respondent should be prohibited from practicing law for a period of forty-five (45) days."
The respondent continued to refuse to reimburse his client in the amount recommended, and the Referee therefore filed another supplementary report in February, 1974, in which he submitted the following additional recommendations and findings:
"IV. Recommendation of disciplinary measures to be applied: The disciplinary measures recommended in the original and supplementary Referee Report are withdrawn and the following substituted:
"`I find that the Respondent failed to reimburse the clearly excessive portion of the fee to his client within a reasonable time after he was advised that the fee collected was clearly excessive and in view of this aggravating factor I recommend that the Respondent be suspended from the practice of law for forty-five (45) days.'
"V. Personal History and Past Disciplinary Measures: Records on file at The Florida Bar reflect that the Respondent was born in 1917, that he was admitted to The Florida Bar in 1953, and that he has had no prior disciplinary punishments administered to him by The Florida Bar."
Few, if any, areas of attorney discipline are as subject to differing interpretations as the matter of what constitutes an excessive attorney's fee. See The Florida Bar v. Winn, 208 So.2d 809 (Fla. 1968), cert. den., 393 U.S. 914, 89 S.Ct. 236, 21 L.Ed.2d 199. The answer turns upon multiple factors including the difficulty of the case; the contingencies, if any, upon which the fee is based; the novelty of the legal issues presented; the experience of the attorney; the quality of his work product; and the amount of time spent in preparation and litigation. See DR 2-106(B).
Examining the factors pertinent to the respondent in this case, it is clear that the case was not difficult, a fact of which the respondent was well aware. It frankly could have easily been performed by a layman since the major asset of over $23,000.00 in an investors' variable payment fund passed to the client by operation of law. This was not a novel legal issue requiring specialized legal knowledge or experience. The respondent devoted relatively little time thereto. The record reflects that he wrote approximately seven letters, completed a few forms, and made some telephone calls on behalf of his client, all this in little more than a month. He also undertook a one-day trip to New York for his client, charging him $550.00 (later reduced to $300.00) for "expenses." The respondent's use of a contingent fee arrangement under the circumstances of this case was manifestly improper.
The respondent contends that excessiveness cannot be charged absent a showing of fraud or dishonesty. This argument is answered by Rule 11.02(4) of the Integration Rule of The Florida Bar, which provides:
"... Controversies as to the amount of fees are not grounds for disciplinary proceedings unless the amount demanded is clearly excessive, extortionate or the demand is fraudulent." [Emphasis supplied]
*149 Respondent attaches considerable significance to the fact that his client asked him to keep the case in the strictest of confidence. We fail to see the relationship between the degree of secrecy requested (strict confidence being required in every attorney-client relationship) and the size of the fee. At his hearing, the respondent virtually conceded this fact:
"Q. But my question is, did you take into consideration the fact that he [the client] wanted to keep his business dealings a secret ...; did that have anything to do with the fee you charged him?
"A. I can't say yes or no to that. That is a question I can't answer at this time. It is all part of it."
Finally, the respondent relies on the fact that he fully informed the client of the contingency fee arrangement and subsequently discussed all details of the disbursement with him. The client was a night clerk who worked in a New York motel. Presumably, he was not aware of the fees typically charged by attorneys to represent an estate. In any event, even if we presume that the client were an educated and experienced party dealing at arm's length with the respondent, it is our view that an attorney may still be disciplined for overreaching where the fees charged are grossly disproportionate to the services rendered. The arguments presented by the respondent are without merit.
We hold that the total fee of $7,983.14 charged the client in this case was not merely excessive, but was so "clearly excessive" as to constitute a violation of DR 2-106 and to warrant the imposition of appropriate disciplinary measures.
The Referee's initial recommendation was that the respondent be disciplined by this Court only if he failed to reimburse the client the difference betwen $2,500.00 plus expenses and the $7,983.14 actually charged the client. This was a lenient disciplinary measure.
Notwithstanding the reasonableness of the Referee's recommendations, the respondent to date has not reimbursed the client one penny of the $7,983.14 fee charged and has ignored two supplemental reports of the Referee. The sole mitigating circumstance we find in the record of this case is the absence of any prior disciplinary proceedings against the respondent.
The final recommendation contained in the Referee's second supplemental report was that the respondent be suspended from the practice of law for forty-five days. Apparently, the prospect of such punishment has failed to shake the respondent's patent disregard for applicable rules of professional ethics as well as his own promise given under oath to reimburse his client.
We find, therefore, that if the Referee's final recommendation of discipline erred at all, it was on the side of leniency. On facts scarcely more aggravating than those presented here, we suspended for six months an attorney who had charged his client an exorbitant fee. See The Florida Bar v. Winn, supra.
Accordingly, it is ordered that the respondent be suspended from the practice of law for a period of forty-five (45) days effective May 15, 1975, thereby giving respondent an opportunity to close out his practice and take the necessary steps to protect his clients, and it is further
Ordered that the suspension continue thereafter until he shall pay the following sums to Theodore Pietz and to The Florida Bar respectively: (1) $7,983.14 less a reasonable fee of $2,500.00 and costs incurred by the respondent in processing collection of the client's funds; and (2) $445.35 for costs of these proceedings.
It is so ordered.
*150 ADKINS, C.J., and ROBERTS, McCAIN and OVERTON, JJ., concur.
BOYD, J., dissents.

On Petition for Rehearing
Upon consideration of the Petition for Rehearing and/or Petition for Modification filed by Respondent and Response thereto, it is ordered that said petitions are hereby denied except as hereinafter provided. The Opinion filed April 9, 1975 is hereby modified to provide for the effective date of Respondent's suspension from May 15, 1975 to an effective date of July 1, 1975, thereby giving Respondent thirty days to close out his practice and to take the necessary steps to protect his clients.
ADKINS, C.J., and ROBERTS, McCAIN and OVERTON, JJ., concur.
BOYD, J., dissents.