PEARSON, Judge.
This was filed as an interlocutory appeal from an order of the trial court dismissing defendant’s counterclaim and cross-claim and striking paragraph 12 of defendant’s affirmative defenses. We have considered the matter as a petition for writ of certiora-ri.
The defendant maintains here that the law of Florida has been changed by the holding of the Florida Supreme Court in The Florida Bar v. Moriber, 314 So.2d 145 (Fla.1975). He urges that an attorney may not sue a former client for a fee that the client claims to be excessive until the propriety of the fee has been determined by The Florida Bar in disciplinary proceedings. We hold that disciplinary proceedings do not afford redress for a private grievance and are separate and distinct from the legal right of an attorney to proceed in the civil courts for the collection of a debt owing to him. See The Florida Bar v. Winn, 208 So.2d 809 (Fla.1968).
This matter arises out of a suit in which the plaintiffs are a Florida professional association, the members of which are engaged in the practice of law. The complaint alleged the employment of the plaintiffs and their performance of certain legal services and claimed “[a] reasonable fee for Plaintiffs’ services,” although the complaint also alleged that a reasonable fee for such services would be the sum of $150,000. The defendant filed an answer to the complaint admitting the employment and the fact that he had denied liability for the balance of the fee claimed and denying all other allegations. Further, in response to the complaint, the defendant filed affirmative defenses in paragraphs 1 through 12 in which he alleged an agreement between the parties that the fee shojild not exceed $20,-000. The twelfth paragraph of the affirmative defenses was as follows:
“12. Such demanded amount as set forth in the attorney’s Complaint against his client is so clearly excessive and extortionate as to shock the conscience of the Court and constitutes a violation of the Code of Professional Responsibility by the Attorney/Plaintiff to this action.”
In addition, the counterclaim alleged that the attorneys are barred by the Code of Professional Responsibility from bringing suit against the client without alleging and proving that such suit is necessary to prevent fraud upon the attorneys by the client. In a separate paragraph of the counterclaim, the defendant claimed punitive damages.
The two points presented here are as follows:
*949 “An attorney is prohibited by ethical considerations from suing for even a reasonable fee unless necessary to prevent fraud or gross imposition by the client. Civil courts should abstain from hearing and refer to The Florida Bar, as the only proper forum, a substantial claim that an attorney has charged fees that are ‘clearly excessive.’ ”
The first point does not present any showing of a departure from the essential requirements of law because it is not the function of a court of law in the dispute between this attorney and the defendant/former client to determine the ethical standing of the plaintiff/attorney. To hold, as the defendant urges, that the court must, in every case of a disputed fee, determine whether the suit was necessary under the ethical standards applicable to attorneys would be an imposition upon trial courts of a new and unnecessary task in the disposition of this type of litigation.
The second point also presents no showing of a departure from the essential requirements of law because the existence of a disciplinary remedy for claimed unethical conduct by an attorney does not oust the courts of jurisdiction to settle legal rights involved in a dispute between an attorney and his former client. The expeditious settlement of misunderstandings and controversies between attorneys and clients is for the benefit not only of the parties litigant but also of the general public as is the disposition of any business controversy. The fact that disciplinary proceedings are separate and apart from the legal right of an attorney and his client has been fully set forth by the Supreme Court of Florida in The Florida Bar v. Winn, 208 So.2d 809 (Fla.1968). We find nothing in the Supreme Court’s holding in the case of The Florida Bar v. Moriber, 314 So.2d 145 (Fla.1975) to change this holding.
Certiorari denied.