On June 23, 1983, a formal complaint was filed against appellee charging him with unprofessional and unethical conduct and conduct evincing unfitness to practice law in violation of DR 2-106(A) and (B) and gave appellee a private reprimand. Appellant, Mississippi State Bar, takes exception to the discipline the tribunal chose to impose and appeals assigning the following as error:
The Complaint Tribunal erred in its issuance of a private reprimand against appellee for unprofessional and unethical conduct.
The appellee/cross-appellant attorney filed the following cross-assignment of error:
The Mississippi State Bar Association, acting by and through the Complaints Tribunal, erred in holding that the appellee/cross-appellant violated DR 1-106(A) and (B), Code of Professional Responsibility, in that said Rule is in direct conflict with § 73-3-171, Miss.Code of 1972, as amended, and that said statute is controlling.
 I.
The formal complaint outlined a series of facts which are undisputed.
The uncontroverted evidence of record shows that the client contacted the attorney's office around October 7, 1981 for the purpose of altering his existing "simple" will of June 8, 1979 by removing and replacing the executor, because his daughter had been divorced from the son-in-law who had been named executor. The client was informed by respondent that a "simple" will was no longer safe to carry out his desires because the law had changed in the last couple of years and it was now necessary that a trust be created which should be administered by the trust department of a bank. Since this would necessitate research and extra work for the respondent, respondent requested and the client paid respondent $600.00 as a retainer fee. At this point it appears that the respondent sought the advice of a respected fellow attorney about appropriate fees. The client testified that he had no memory of any discussion of an hourly fee but did admit that it appeared he had signed a contract calling for a fee of $75.00 an hour.
Although the client could not understand why a trust was needed since his total assets amounted to only about $60,000 and he still desired that his daughters be named co-executrices and that they equally share his estate, he agreed to travel to Jackson, Mississippi with respondent and consult with the trust department of the Mississippi Bank. The client had a high school education, no knowledge of the law, and testified that he trusted respondent to advise as an attorney.
They returned home the same day and a new will was executed naming the Mississippi Bank as executor. All the other provisions in the will were the same as the client's will previously executed on June 8, 1979. Then on the same afternoon of October 12, 1981 the client paid respondent $581.25 as the additional attorney's fee which together with about $50.00 expenses for the trip to Jackson that day brought the total amount that respondent charged and the client paid for the will executed on October 12, 1981 to about $1,231.00.
On October 28, 1981, after conferring with his banker, the client signed a letter to respondent informing him that his services were no longer required in estate planning and will preparation. The client then contacted another attorney who prepared a will carrying out his desires that all his property be divided equally between his two daughters and named them as co-executrices. The client paid the new attorney a legal fee of $35.00. *Page 1083 
The client filed a complaint against the attorney with the Complaints Committee of the Mississippi State Bar, which committee referred the complaint for formal hearing before a complaint tribunal legally constituted.
The complaint tribunal found that:
 Under the circumstances of this case, the advice given to the client by the respondent, i.e.,
 (a) The devisees cannot be appointed as co-executors;
 (b) changes in the law rule out making a `simple' will;
 (c) That a trust should be created with a bank as trustee and then appointed as executor under the will;
 was incomprehensible. We are not aware of any major changes in the law concerning wills which call for a trust arrangement when a relatively small estate is involved in the State of Mississippi between June 1979 and October 1981. We see no reason whatsoever for a trust to be created for an estate whose total value is well under $100,000.00 absent special, compelling reasons therefore, or absent a particular desire of the testator that such be done. There is evidence of no such reasons in this case; on the contrary, respondent's client did not desire that a trust be created. The evidence is clear that respondent's client paid respondent $1,231.00 for a will that he did not want, and a few weeks later secured the will that he wanted from another attorney for a fee of $35.00.
 We are convinced that a lawyer of ordinary prudence, when confronted with the facts as they appear before this tribunal, would be left with a definite and firm conviction that the fee which respondent charged his client was excessive as provided by DR2-106(b). Thus, we find that respondent is in violation of DR2-106(a), in that he charged a clearly excessive fee to his client for the subject will.
The sanction imposed upon the attorney was private reprimand.
 II.
Did the Complaint Tribunal of the State of Mississippi err in its issuance of a private reprimand against appellee for unprofessional and unethical conduct?
Rule 8.6 of the Rules of Discipline for the Mississippi State Bar (adopted September 7, 1983) states:
 No discipline shall be imposed except upon clear and convincing evidence. After a final hearing on the merits, the opinion of the tribunal may provide the following:
 (I) exonerate the accused attorney and dismiss the formal complaint.
 (II) publicly or privately reprimand the attorney. . . .
 (III) suspend the attorney with or without probation for a fixed period of time, and may specify conditions precedent to reinstatement. . . .
 (IV) disbar the attorney. . . .
Rule 9.4 states:
 Extent of appellate review. Upon appeal, the court shall review the entire record and the findings and conclusions of the tribunal, and shall render such orders as the court may find appropriate. In so ruling, the court shall not be bound by the rule applicable to administrative agencies to the effect that their orders must be affirmed, unless they are arbitrary and capricious and are not supported by substantial evidence, or the rule that, as in chancery, the chancellor will not be reversed on the facts unless he is manifestly wrong. Upon the conclusion of any appeal, the court shall award costs and expenses as in its discretion appears appropriate.
The Lawyers Manual on Professional Conduct states that factors generally considered for imposition of sanctions for misconduct are (1) the nature of misconduct, (2) the need to deter similar misconduct, (3) preservation of dignity and reputation of the profession, (4) protection of the public and (5) sanctions imposed in similar cases. *Page 1084 
This Court has held that the purpose of discipline is not to punish the guilty attorney, but to protect the public, the administration of justice, to maintain appropriate professional standards, and to deter similar conduct. In Re Ruffalo,390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968). This Court has recognized this principle in Levi Et al v. Mississippi StateBar, 436 So.2d 781 (Miss. 1983) by stating that the purpose of bar disciplinary proceedings are not to punish the lawyer but to vindicate in the eyes of the public the overall reputation of the bar.
The disciplinary violations with which this attorney is charged are DR 2-106(A) and (B) which are as follows:
 DR 2-106 Fees for Legal Services.
 [A] A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
 [B] A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
 [1] The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 [2] The likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer.
 [3] The fee customarily charged in the locality for similar legal services.
 [4] The amount involved and the results obtained.
 [5] The time limitations imposed by the client or by the circumstances.
 [6] The nature and length of the professional relationship with the client.
 [7] The experience, reputation, and ability of the lawyer or lawyers performing the services.
 [8] Whether the fee is fixed or contingent.
Of the sanction options open to the complaints tribunal, the tribunal imposed a private reprimand upon the attorney. Appellant argues that a private reprimand is insufficient to protect the public and requests that suspension from practice be levied against attorney.
This Court can seek guidance in looking to cases from other jurisdictions.
In Myers v. Virginia State Bar, 226 Va. 630, 312 S.E.2d 286, 1 Law.Man.Prof.Conduct 68 (1984), a lawyer submitted to the Court a final accounting listing his legal fees as executor of the estate as $500.00, but the final accounting to his client included an additional attorney's fee of $4,910.00. Evidence showed that there was very little work done by the lawyer. The lawyer was suspended for six months for charging a clearly excessive fee and for misrepresenting to his client that the Court had approved his fee and to the Court the amount that he charged the client. The instant case may be similar in that little work was done or necessary as well as the misrepresentation for the need of a trust. However, in theMyers case the lawyer was also charged with a misrepresentation to the court. In the case In Re Quillen, 1 Law. Man.Prof.Conduct 574 (Tenn.S.Ct.Board of Professional Responsibility 1984) a Tennessee lawyer was publicly censored for charging a client an excessive $7,000 fee for representation in a criminal matter in which he only made telephone calls and compiled documents for client's sentencing. In this case, however, the lawyer indicated to his client that he was able to improperly influence a public official to obtain the client's early release from the penitentiary.
Florida Bar v. Winn, 208 So.2d 809 (Fla. 1968), cert. denied393 U.S. 914, 89 S.Ct. 236, 21 L.Ed.2d 199, involved a lawyer who charged a client an exorbitant or extortionate fee in a contingency fee contract. The Florida Supreme Court there held that an exorbitant or extortionary attorney's fee is properly the subject of inquiry in a disciplinary proceeding and, if established, will support an appropriate disciplinary order.Id. at 810. The Supreme Court of Florida *Page 1085 
recognized that controversies as to the amount of fees are not grounds for disciplinary proceedings unless the amount demanded is extortionate or the demand is fraudulent. The respondent in that case was suspended from the practice of law for a period of six months.
In Florida State Bar v. Moriber, 314 So.2d 145 (Fla. 1975) the Court suspended an attorney for 45 days. In finding the fee charged unreasonable and excessive, the Court stated that such a determination turned upon multiple factors and found that the case was not difficult, involved no novel legal issues, and that the attorney devoted relatively little time to the matter. The Court did not feel that client's knowledge of the fee arrangement had any bearing on the lawyer's right to the fee.
Considering the factors to be taken into account to determine the value of an attorney's services appellant argues that appellee's practice did not have the reputation or status to warrant the hourly fee charged by appellee. Appellant further argues that when looking at the results obtained, the will drafted did not warrant $1241.25 in fees.
This Court agrees that considering the work required of respondent, the fees were excessive. But this court also finds, as did the complaints tribunal, that respondent's efforts to seek advice and the testimony of several judges in his behalf ameliorate in his favor.
 III.
Did the Mississippi State Bar Association, acting by and through the Complaints Tribunal, err in holding that the appellee/cross-appellant violated DR 2-106(A) and (B) Code of Professional Responsibility, in that said rule is in direct conflict with § 73-3-171, Miss.Code of 1972, as amended, and that said statute is controlling?
Miss. Code Ann. § 73-3-171 (1972) states: "The Board of Commissioners shall have no authority to regulate the fees or charges of lawyers for the rendition of their professional services. Nor shall it any way undertake to regulate such fees or charges."
Counsel for the appellee submits that this proceeding was instituted by the Mississippi State Bar Association acting by and through the duly elected Board of Bar Commissioners and is in direct violation of the above mentioned code section.
Appellant, however, contends that this action was initiated by the client by a complaint filed with the Committee on Complaints of the Mississippi State Bar. Appellant asserts that the Complaint Tribunal has found appellee guilty of unprofessional and unethical conduct and has imposed discipline and charged appellee with the cost incurred in the prosecution of this matter as authorized by rule 27 of the Rules of Discipline and the following case law, In the Matter of the Mississippi State Bar,361 So.2d 503, 506 (Miss. 1978); Netterville v. MississippiState Bar, 404 So.2d 1026, 1028 (Miss. 1981). Appellant argues that § 73-3-171 of the Mississippi Code prohibits the regulation of fees by the Board of Commissioners but does not restrict the power of this Court to discipline attorneys for unprofessional and unethical conduct based upon violation of disciplinary rules such as DR 2-106. In Moriber, 314 So.2d 145, the Florida Court held that even presuming that a client is an educated and experienced party dealing at arm's length with an attorney, an attorney may still be disciplined for overreaching where the attorney fee charged is grossly disproportionate to services rendered. This Court adopts this analysis. Although the complaints tribunal found the fee charged to be clearly excessive, looking to the above factors and the cases cited herein, it appears that the punishment imposed by the Bar Complaint Tribunal is appropriate. The recommendation of the tribunal is accepted as the order of this Court.
AFFIRMED. PRIVATE REPRIMAND TO ISSUE BY THE CLERK OF THIS COURT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, RESTRICTED DELIVERY TO ADDRESSEE ONLY. *Page 1086 
ROY NOBLE LEE, P. JJ., and HAWKINS, DAN M. LEE, ROBERTSON and ANDERSON, JJ., concur.
PATTERSON, C.J., and WALKER, P.J., and SULLIVAN, J., not participating.