562 So.2d 1285 (1990)
MISSISSIPPI STATE BAR
v.
John A. NICHOLS.
No. 89-A-00064.
Supreme Court of Mississippi.
May 23, 1990.
Charles J. Mikhail, Mississippi State Bar, Jackson, for complainant.
John A. Nichols, Jackson, for respondent.
EN BANC.
PRATHER, Justice, for the Court:
This Court considers for the first time a disbarment of an attorney predicated upon a civil judgment involving fraud, misrepresentation, dishonesty, deceit, or wilful failure to account for money or property of a client. The Mississippi State Bar (MSB), complainant, seeks disbarment of John A. Nichols, pursuant to Rule 6(c) of the Rules of Discipline of the Mississippi State Bar, adopted January 1, 1984 by this Court.

I.
John A. Nichols was licensed to practice law in the State of Mississippi under authority of the statutes of this state. The complaint filed by MSB against him exhibits the following facts. On June 10, 1988, a civil judgment was entered in Hinds County Circuit Court in Cause No. 34,573, styled National Mortgage Co. v. John A. Nichols for the defendant's alleged conversion of $53,811.29 from the plaintiff mortgage company, by allegedly failing to pay off a *1286 prior loan from the proceeds of a refinancing loan. The MSB complaint suggests to this Court that the aforenamed civil judgment against Mr. Nichols for conversion is among the types of offenses contemplated by the Mississippi Rules of Discipline, Rule 6(c), for disbarment of an attorney. Rule 6(c) provides:
(c) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall have entered against him in any court of any State or in any Federal Court a civil judgment in accordance with Section 11049-3, Mississippi Code of 1972, or any other civil judgment based upon clear and convincing evidence of fraud, misrepresentation, dishonesty, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment, upon becoming final, shall be presented to the Court by Complaint Counsel and shall constitute sufficient, clear and convincing evidence of the facts necessary to support such judgment, and unless successfully rebutted, the Court shall forthwith strike the name of the attorney and order his immediate suspension from the practice of law. This section shall not apply to Internal Revenue Code, Federal Communications Commission, Securities and Exchange Commission, Federal Trade Commission, and/or similar Federal Agency violations involving civil judgments and/or civil penalties, but nothing herein contained shall prohibit disciplinary prosecution for felony convictions based upon such violations.
A show cause order issued by this Court to John A. Nichols requested a response, which was received. In essence, Nichols' response is a general denial, plus the assertion of an affirmative defense. The allegation of affirmative matter alleges that the civil judgment is "beyond the scope of Rule 6 due to the fact that the [final] judgment [in the Circuit Court of Hinds County] was heard and entered without notice to the Respondent." The circuit court file exhibited in this Court was silent as to process. The response alleges further that:
The judgment is beyond the scope of Rule 6 due to the fact that the judgment was heard and entered without notice to the Respondent. That Respondent's first notice of any such judgment was on his receipt of the Formal Complaint herein; that said judgment is not in accordance with Section 11-49-3, Mississippi Code by the reference to the terms of said statute. None of the proceedings contemplated by that statute have been invoked herein or could be so invoked. As Respondent has only recently gained knowledge of said judgment he is not aware if it has been amended or reversed. Respondent[']s rights pursuant to the Mississippi and United States Constitutions have been violated wherein a judgment has been entered against him without notice and will be violated from the present posture in that he is being required to prove himself innocent of charges which it appears that this Court has taken as proven.
As John A. Nichols opposed the petition of the MSB, this Court determined that a Tribunal should be convened under Rule 8 to conduct a hearing on this petition. This Court designated that the procedure, powers, and duties of Rule 8 of the Rules of Discipline be followed for this complaint of disbarment. In open court, the Tribunal set the complaint for hearing when Mr. Nichols was present and made no objection to the setting; however, Nichols did not appear at the Tribunal hearing on the merits.
At the conclusion of the hearing, the Tribunal rendered a written opinion with this Court, incorporating a finding of fact[1] and its recommendation for this Court's *1287 final consideration on the petition for disbarment.
The Tribunal recommended disbarment of Mr. Nichols under Rule 6(c) of the Rules of Discipline, together with an order of restitution and payment of costs.
This Court has exclusive inherent jurisdiction over an attorney and his/her license to practice law in this state. Mississippi State Bar v. Nixon, 494 So.2d 1388, 1389 (Miss. 1986); Mississippi State Bar v. Phillips, 385 So.2d 943, 944 (Miss. 1980). Even though this Court convenes a Tribunal to make findings of fact and recommendations to this Court, this Court addresses the case de novo. Levi v. Mississippi State Bar, 436 So.2d 781, 782 (Miss. 1983). Having considered the entire record, the Rules of Discipline, and the findings of fact of the Tribunal and its recommendation, this Court holds that the final civil judgment against Mr. Nichols meets the requirement for disbarment under Rule 6(c) of the Rules of Discipline, as a civil judgment based upon clear and convincing evidence of the facts necessary to support the judgment, and based upon fraud, misrepresentation, *1288 dishonesty, deceit, or willful failure to account for money or property of a client.
Additionally, the facts found by the Tribunal show that Mr. Nichols entered a guilty plea to the felonious charge of embezzlement and was convicted in the Hinds County Circuit Court on December 12, 1989, of this crime. This criminal charge arises from the same factual circumstances that gave rise to the civil judgment. This felonious conviction meets the requirements of Rule 6(a), Rules of Discipline of the Mississippi State Bar for disbarment.

II.
In conclusion, this Court holds this date that all substantive and procedural prerequisites of Rule 6(a) and Rule 6(c), Rules of Discipline have been satisfied and that the name of John A. Nichols is hereby stricken from the bar rolls, and he is disbarred from the practice of law in the State of Mississippi, effective this date. Additionally, John A. Nichols is required to pay the costs and expenses incurred by the Bar in this disciplinary proceeding, and he is also required to make restitution to National Mortgage Company in the sum of $53,811.29 plus interest from the date of the entry of the Partial Summary Judgment on November 16, 1987, in Hinds County Circuit Court Cause No. 34,573, prior to the filing of any Petition for Reinstatement to the Mississippi State Bar. This opinion constitutes the court's mandate and disbarment order and is effective May 23, 1990, notwithstanding the filing of any petition for rehearing, if any is filed within fourteen (14) days of this order.
DISBARMENT ORDERED OF JOHN A. NICHOLS FROM PRACTICE OF LAW. COSTS AND RESTITUTION ORDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN and BLASS, JJ., concur.
ANDERSON, J., not participating.
NOTES
[1] In its Finding of Facts, the Tribunal found that:

Mr. Nichols was served with process according to law in connection with the Circuit Court case in question, and the Circuit Court had jurisdiction of both the parties and subject matter before it.
A hearing was held before Circuit Judge Breland Hilburn (Judge Hilburn), who was substituting for Judge Charles Barber (Judge Barber) during an illness, on National Mortgage's Motion for Summary Judgment against Mr. Nichols. Mr. Nichols had notice of the motion and the hearing, and participated in the hearing, at the conclusion of which Judge Hilburn granted a Partial Summary Judgment on the issue of liability for conversion against Mr. Nichols and directed counsel for National Mortgage, the Honorable Leslie Bobo (Ms. Bobo), to provide the Court with a proposed Partial Summary Judgment.
On November 12, 1987, Ms. Bobo mailed to Judge Hilburn a proposed Partial Summary Judgment and copy [mailed to] Mr. Nichols. On November 16, 1987, having received no objection to the proposed Partial Summary Judgment from Mr. Nichols, Judge Hilburn signed and caused the Partial Summary Judgment to be entered in the Office of the Hinds County Circuit Clerk. In the Partial Summary Judgment, the Court reserved ruling on National Mortgage's request for punitive damages and took under advisement Mr. Nichols' Motion for Protective Order against certain National Mortgage requests for production of documents, pending in camera inspection of Mr. Nichols' bank account records.
At the direction of Judge Barber, Mr. Nichols' bank records were examined by George S. Smith, Certified Public Accountant, who, on December 17, 1987, rendered a report to the Court which concluded that the closing/escrow account maintained by Mr. Nichols at Consumer National Mortgage Company, was improperly managed and did not provide adequate control over the funds received from National Mortgage Company. Mr. Nichols utilized the funds of National Mortgage Company to pay for deficiencies in the closing/escrow account that occurred prior to the receipt of funds of National Mortgage Company, personal withdrawals and other business expenses subsequent to that period.)
....
After National Mortgage decided to abandon its claim for punitive damages, Ms. Bobo presented Judge Barber with a proposed Final Judgment, which he signed and had entered with the Clerk on June 10, 1988. The Final Judgment simply carried forward the findings and ruling of Judge Hilburn's Partial Summary Judgment of November 16, 1987. It did not provide for punitive damages. Mr. Nichols was neither present at Ms. Bobo's presentation of the Final Judgment to Judge Barber nor was he given notice of the entry of said Final Judgment.
After the Partial Summary Judgment was entered on November 16, 1987, with notice to Mr. Nichols, and after Mr. Nichols learned of the Final Judgment of June 10, 1988, upon receiving the Bar's Formal Complaint to which was attached a certified copy of said Final Judgment, and to the date of the hearing before this Tribunal (February 16, 1990), Mr. Nichols has made no effort to alter, amend, set aside, or appeal the Partial Summary Judgment or Final Judgment, nor attack their validity of finality.
On December 12, 1989, Mr. Nichols entered a plea of guilty on a charge of embezzlement involving the funds of National Mortgage before Hinds County Circuit Judge William Coleman (Judge Coleman). On February 1, 1990, Judge Coleman entered an Order sentencing Mr. Nichols to serve a term of five (5) years in the custody of the Mississippi Department of Corrections, suspending the sentence, and placing Mr. Nichols on probation for five years on various conditions, including his making restitution to National Mortgage in the sum of $53,811.29.
As noted earlier, while the Final Judgment was entered in the Circuit Court without notice to Mr. Nichols, the Partial Summary Judgment was entered with notice and with his participation. By his own acknowledgment, in deposition testimony received in evidence at the hearing before this Tribunal, Mr. Nichols admitted that he regarded the Partial Summary Judgment as final, and that the subsequently entered Final Judgment simply carried forward the provisions of the Partial Summary Judgment without any material difference, after National Mortgage abandoned its claim for punitive damages.
Mr. Nichols' lack of notice of the entry of the Final Judgment, therefore, made little difference. He had adequate notice of the Partial Summary Judgment rendered on the issue of liability for conversion, the cause of action which provides the basis for the Bar's Formal Complaint against Mr. Nichols under Rule 6(c) of the Rules of Discipline.