904 So.2d 109 (2004)
The MISSISSIPPI BAR, Appellant
v.
John Edward JACKSON, Jr., Appellee.
No. 2004-BD-00439-SCT.
Supreme Court of Mississippi.
November 3, 2004.

*110 ORDER OF STAY AND SUSPENSION
¶ 1. This is a disbarment proceeding filed by The Mississippi Bar. We find that Mississippi attorney John Edward Jackson, Jr., having been convicted of a felony, should be suspended from the practice of law, pending his appeal of his criminal conviction and sentence.
¶ 2. On February 12, 2004, Mississippi attorney John Edward Jackson, Jr. (Jackson) was found guilty by a jury of the crime of sale of marijuana within a correctional facility, a violation of Miss.Code Ann. § 47-5-198, and he was sentenced to serve a term of three years in the custody of the Mississippi Department of Corrections and to pay a fine of $25,000.00 and all court costs. Pursuant to Miss.Code Ann. § 47-5-198 (Rev.2004), the Circuit Court of Amite County, Mississippi, disbarred Jackson by Sentencing Order upon Jury Verdict filed February 12, 2004.
¶ 3. On March 4, 2004, pursuant to Rule 6 of the Rules of Discipline, The Mississippi Bar (Bar) filed a Formal Complaint and a Motion for Indefinite Suspension Pending Appeal, Striking from Rolls, Suspending and Staying Proceedings with this Court against Jackson. The Bar accused Jackson of unprofessional and unethical conduct and conduct evincing unfitness for the practice of law, conduct which constitutes legal grounds for his disbarment.
¶ 4. The Bar alleges that the crime for which Jackson was found guilty, sale of marijuana within a correctional facility, is among the types of crimes contemplated by Rule 6 of the Rules of Discipline for the Bar as it is a crime constituting a felony, which warrants the imposition of disbarment.
¶ 5. The motion requests an order for immediate suspension of Jackson from the practice of law, based upon his being found guilty and the Sentencing Order, until such time as, upon a proper showing by the Bar, the time of appeal of the conviction has expired or the appeal is concluded without reversal, at which time Jackson should be automatically disbarred.
*111 ¶ 6. On July 15, 2004, Jackson responded to the complaint and motion, reciting numerous defenses including a claim that this Court should wait until the appeal on his criminal conviction is completed before deciding whether he should be disbarred.
¶ 7. The Mississippi Legislature enacted a statute regarding the disbarment of a licensed attorney convicted of certain felonies, which provides:
Every person who has been or shall hereafter be convicted of felony in a court of this or any other state or a court of the United States, manslaughter or a violation of the Internal Revenue Code excepted, shall be incapable of obtaining a license to practice law. Any court of the State of Mississippi in which a licensed attorney shall have been convicted of a felony, other than manslaughter or a violation of the Internal Revenue Code, shall enter an order disbarring the attorney.
Miss.Code Ann. § 73-3-41 (Rev.2004) (emphasis added).
¶ 8. On February 12, 2004, after having been found guilty by a jury, Jackson appeared for sentencing by the Circuit Court of Amite County. In its sentencing order, the court included the following language:
Pursuant to Section 73-3-41 of the Mississippi Code of 1972, as amended, an order disbarring said defendant attorney is hereby entered by the court. It is further ordered that the circuit clerk forward a certified copy of this order to The Mississippi bar.
¶ 9. Thereafter, pursuant to Rule 6 of the Rules of Discipline, the Bar filed its Motion for immediate suspension, as well as a Formal Complaint for disbarment of Jackson. Thus, we find ourselves reviewing a request by the Mississippi Bar that we disbar an attorney who has already been disbarred by the Circuit Court of Amite County.
¶ 10. This Court has held that we have "exclusive inherent jurisdiction over an attorney and his/her license to practice law in this state." Miss. State Bar v. Nichols, 562 So.2d 1285,1287 (Miss. 1990). Thus, Miss.Code Ann. § 73-3-41 is in direct conflict with Nichols. Where a statute conflicts with a determination of this Court concerning constitutional interpretation and powers, this Court's determination shall control. See Newell v. State, 308 So.2d 71 (Miss.1975).
¶ 11. The Legislature has already recognized and codified the pronouncement we make today. Miss.Code Ann. § 73-3-301 (Rev.2004) provides:
Any attorney regularly admitted to practice law in the state of Mississippi or any attorney specially admitted to practice law by a court of this state or any individual admitted to practice as an attorney in any other jurisdiction who regularly engages in the practice of law within this state as house counsel to corporations or other entities, counsel for governmental agencies, out-of-state lawyers admitted or permitted to practice law in this state by comity, bar examination or otherwise are subject to the exclusive and inherent disciplinary jurisdiction of the supreme court of Mississippi and the disciplinary agencies hereinafter established and designated; provided, however, nothing herein contained shall be construed to deny any other court such powers as are necessary for that court to maintain control over practice in and proceedings conducted before it, such as the power of contempt, nor to prohibit local bar associations from censuring, suspending or expelling their members from membership in such local bar association.
(emphasis added).
¶ 12. Rule 6 of the Rules of Discipline provides the procedure for suspension *112 and disbarment of attorneys based on conviction of a felony. Rule 6(f) orders a judge of any court to transmit a copy of a conviction or judgment or order accepting or acknowledging the offer or tender of a plea to the Bar's Complaint Counsel. Then, pursuant to Rule 6(a), the Complaint Counsel is to present the copy to this Court, and this Court shall strike the name of the attorney and order his immediate suspension from the practice of law. Rule 6(d) provides that, when the time for appeal from the judgment or conviction expires or all appeals have been concluded without reversal, Complaint Counsel shall certify that result to this Court, and this Court shall forthwith enter an order of disbarment.
¶ 13. The substantive and procedural prerequisites of Rule 6(a) of the Rules of Discipline of the Bar have been satisfied; and therefore, John Edward Jackson, Jr. should be and he is suspended from the practice of law pending his appeal.
¶ 14. IT IS THEREFORE, ORDERED:
1. That John Edward Jackson, Jr., is suspended from the practice of law in the State of Mississippi pending the final resolution of his appeal of his criminal conviction and sentence;
2. That further proceedings in this matter are stayed pending the final resolution of Jackson's appeal;
3. That the Clerk of this Court shall mail certified copies of this order to the Circuit and Chancery Courts of Pike County, Mississippi, and the Clerks of the Supreme Court of the United States, the United States Court of Appeals for the Fifth Circuit, and the United States District Courts for the Northern and Southern Districts of Mississippi; and
4. The Mississippi Bar shall promptly strike the name of John Edward Jackson, Jr., from its membership roll and shall promptly notify this Court of the final resolution of Jackson's appeal of his criminal conviction and sentence.
SO ORDERED.
/s/ Jess H. Dickinson
JESS H. DICKINSON, Justice FOR THE COURT
DIAZ AND GRAVES, JJ., NOT PARTICIPATING.