*1265 ORDER OF DISBARMENT
¶ 1. This bar discipline case is before the Court en banc on the formal complaint filed by the Mississippi Bar (hereinafter “the Bar”) seeking discipline against attorney David L. Robinson of Ashland, Mississippi, under the provisions of Rule 6 of the Rules of Discipline for the Mississippi State Bar. Robinson is a licensed attorney in this State and is subject to the disciplinary jurisdiction of this Court.
¶ 2. On or about February 28, 2005, Robinson entered a guilty plea to one (1) count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8) before the United States District Court for the Northern District of Mississippi, in Cause Number: 3:04CR00078-001, styled United States v. David L. Robinson (N.D.Miss. 2005). Robinson was convicted and sentenced to probation for a term of five (5) years. The judgment of conviction was entered on February 28, 2005, on Robinson’s guilty plea.
¶ 3. Pursuant to Rule 6 of the Rules of Discipline,, the Bar seeks Robinson’s immediate suspension pending disposition of the Bar’s formal complaint for disbarment and the running of any appeals. Filed with the Bar’s formal complaint are certified copies of the judgment of conviction, which under Rule 6(a) constitute conclusive evidence of Robinson’s guilt. The period allowed for appeal from Robinson’s conviction has expired, and this Court has not been advised of any appeal filed by him.
¶ 4. Process with a copy of the formal complaint has been personally served on Robinson at his last known address, and no answer has been filed. The time for responding to the Bar’s complaint has expired. Likewise, this Court has issued an order to show cause as to why Robinson should not be suspended. Robinson has failed to timely respond to that order.
¶ 5. This Court has exclusive and inherent jurisdiction in matters pertaining to attorney discipline. R. Discipline Miss. State Bar 1(a); Asher v. Miss. Bar, 661 So.2d 722, 727 (Miss.1995); Gex v. Miss. Bar, 656 So.2d 1124, 1127 (Miss.1995). Furthermore, this Court has exclusive, inherent jurisdiction over an attorney and his/her license to practice law in this state. Miss. State Bar v. Nichols, 562 So.2d 1285, 1287 (Miss.1990).
¶ 6. The Bar filed this complaint pursuant to Rule 6(a) of the Rules of Discipline for the Mississippi State Bar which states:
Rule 6. SUSPENSIONS AND DIS-BARMENTS BASED ON OTHER PROCEEDINGS
(a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, or tender a guilty plea pursuant to the provision of Miss.Code Ann. § 99-15-26 (Supp.1993), or any similar provision in state or federal law therein of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction or order accepting or acknowledging the offer or tender of a guilty plea pursuant to the provisions of Miss.Code Ann. § 99-15-26 (Supp.1993), *1266 or any similar provision in state or federal law shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
R. Discipline Miss. State Bar 6(a). Prior to the disposition of the Bar’s formal complaint, the Bar moved for Robinson’s immediate suspension. Considering that process has been completed and Robinson has failed to timely respond to the Bar’s formal complaint, we dismiss the Bar’s motion for suspension as moot and reach the merits of the Bar’s formal complaint.
¶ 7. We have held in attorney discipline matters that the purpose • of discipline is not simply to punish the guilty attorney, but to protect the public, the administration of justice, to maintain appropriate professional standards, and to deter similar conduct. Miss. Bar v. Coleman, 849 So.2d 867, 875 (Miss.2002); Cotton v. Miss. Bar, 809 So.2d 582, 585 (Miss.2000); Miss. State Bar Ass’n v. A Miss. Attorney, 489 So.2d 1081, 1084 (Miss.1986). Conclusive evidence has already been established, it is therefore unnecessary for this Court to engage in additional fact-finding.
¶ 8. Pursuant to Rules 6 and 11 of the Mississippi Rules of Discipline, IT IS THEREFORE ORDERED as follows:
1. David L. Robinson is hereby disbarred from the practice of law in the State of Mississippi, and his name shall be immediately removed from the rolls of the Mississippi Bar.
2. The Clerk of the Supreme Court of Mississippi shall immediately forward to the attorneys of record for each party herein a copy of this Order of Disbarment and shall send Robinson’s copy via certified mail, return receipt requested.
3. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the Clerks of the United States District Court for the Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the Supreme Court of the United States.
4. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the Executive Director of the Mississippi State Bar.
5. The Bar is entitled to recover from David L. Robinson all costs of this disciplinary proceeding. The Bar shall file its Motion for Costs and Expenses with the Court within ten (10) days of the filing of this Order.
6. David L. Robinson is hereby enjoined from practicing law in Mississippi; from holding himself out as an attorney at law; from performing any legal services for others; from accepting any fee directly or indirectly for legal services to be performed for others; from appearing as counsel or in any representative capacity in any proceeding in any court of the State of Mississippi, or before any administrative body or agency thereof; from holding himself out to others as or using his name in any manner, in conjunction with the phrases “attorney at law,” “attorney,” “counsel- or at law,” “counselor,” or “lawyer.”
7. David L. Robinson shall within thirty (30) days following his receipt of this order: (a) notify or cause to be notified all clients of his disbarment and his consequent inability to act as an attorney after the effective date of his disbarment; (b) notify or cause to be notified each client involved in pending litigation or administrative proceedings and the attorney or attorneys for each adverse party in such proceedings of his disbarment and consequent inability to act as an attorney after the effective date of his disbarment; (c) advise or cause to be advised each client promptly to substitute another attorney or attorneys in his place or to seek legal *1267 advice elsewhere; and (d) notify or cause to be notified all affected courts and agencies of his disbarment and consequent inability to act as an attorney after the effective date thereof.
8. David L. Robinson shall return or cause to be returned all files, papers, monies and other properties belonging to his Mississippi clients in his possession, if any such clients request same after receiving notification from him.
9. Within thirty (30) days of receipt of this Order of Disbarment, David L. Robinson shall file with this Court an affidavit stating that all current Mississippi clients have been notified of his disbarment and that all files, papers, monies and other property belonging to such clients have been returned as ordered herein, and showing in the cases where it was not possible to notify such clients or return their property, that due diligence was used to do so.
10. The Bar’s Motion for immediate suspension is dismissed as moot.
SO ORDERED.
/s/James E. Graves, Jr.
JAMES E. GRAVES, JR., JUSTICE FOR THE COURT
DIAZ AND EASLEY, JJ., NOT PARTICIPATING.