NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HENSLEY CHALFANT, P.A.,          )
                                 )
          Appellant,             )
                                 )
v.                               )          Case No.   2D13-3077
                                 )
GUARDIANSHIP OF THOMAS D.        )
FLANNIGAN,                       )
                                 )
          Appellee.              )
_____)

Opinion filed November 18, 2015.

Appeal from the Circuit Court for
Pinellas County; Jack R. St. Arnold,
Judge.

Jeffrey W. Hensley of Jeffrey W.
Hensley, P.A., Palm Harbor; Bard D.
Rockenbach and Adam J. Richardson
of Burlington & Rockenbach, P.A.,
West Palm Beach, for Appellant.

Richard L. Pearse, Jr. of Pearse &
Stinson, P.A., Clearwater, for Appellee.

KELLY, Judge.

          Hensley Chalfant, P.A. ("Hensley"), appeals from an attorney's fee order in

a guardianship proceeding that awarded a contingency fee based on less than the total

amount the firm recovered on behalf of Thomas D. Flannigan. Because Hensley's fee contract provided for a contingency fee based on the total amount the firm recovered, we reverse.

Hensley was retained by Flannigan's guardian after Flannigan sustained a traumatic brain injury when he fell from a second floor balcony while conducting an inspection of a home under construction. Hensley and the guardian entered into a contingency fee contract, which the trial court approved. In pertinent part, the contract states:

> The compensation for the services of HENSLEY CHALFANT, P.A. for the prosecution of the client's case against any party or insurer, will be calculated on a contingency percentage fee basis. If there is no recovery, there is no fee. If there is a recovery, the percentage to be paid depends on the amount of the recovery. The percentage will be calculated on the gross recovery, not on the net recovery, including any sum representing recovered expenses and costs.

About two years after being retained, Hensley negotiated a series of settlements with the three defendants totaling $2,500,000.

The dispute which gave rise to this appeal began when the guardian notified Hensley that she objected to his charging a contingency fee based on the full amount of the settlement on the ground that such a fee would be clearly excessive because Flannigan had previously been represented by another attorney who had negotiated a settlement with two of the defendants during a presuit mediation. The defendants had agreed to settle for less than Hensley ultimately obtained. For the purposes of this appeal, it is unnecessary to detail the events that led to the unravelling of this settlement. Suffice it to say that Flannigan and later the guardian, repudiated the

settlement almost as soon as it was entered into and they maintained that position, including defending against a lawsuit the defendants brought to enforce the settlement.

In spite of disavowing the original settlement, the guardian took the position that Hensley was only entitled to a contingency fee based on the amount he obtained that exceeded the amount of the original settlement.[1] After an evidentiary hearing, the trial court agreed with the guardian and ruled against Hensley. Because the facts are essentially undisputed, we review the trial court's order de novo. See Kirton v. Fields, 997 So. 2d 349, 352 (Fla. 2008) (citing D'Angelo v. Fitzmaurice, 863 So. 2d 311, 314 (Fla. 2003) (stating that the standard of review for pure questions of law is de novo)).

The guardian's argument is flawed in several respects. First, it is contradicted by the language of the fee agreement which plainly requires a fee based on the "gross recovery." Second, the guardian's argument that the fee is excessive is premised on the contention that there were two valid settlements, only one of which came through Hensley's efforts. This is inconsistent with the guardian's position throughout the proceedings below that there was no enforceable settlement. Finally, the guardian's own actions belie her belief that Hensley's fee was limited to the difference between the disavowed settlement and the subsequent settlement. When Hensley settled with the first defendant for substantially more than was negotiated in the original settlement, the guardian acknowledged his fee was to be a percentage of the total amount obtained. It was not until Hensley obtained settlements with the remaining

---

[1]The attorney who negotiated the original settlement received a fee based on quantum meruit after his contingency fee agreement was found to be unenforceable.

two defendants that the guardian balked at paying a fee based on the entire settlement. Because Hensley's efforts resurrected a settlement agreement that was otherwise "dead in the water," the firm is entitled to be compensated on the full amount of the recovery.

Accordingly, we reverse and remand for the trial court to enter an order consistent with this opinion.

Reversed and remanded with instructions.


NORTHCUTT, J., Concurs.
VILLANTI, C.J., Concurs specially.


VILLANTI, Chief Judge, Specially concurring.

While I concur in the majority opinion, I do so only because Attorney Jeffrey Hensley orally agreed with the guardian, and reiterated in sworn testimony to the court, that he "would be collecting a fee on the aggregate recovery and that out of that full total fee, then whatever Mr. Granese is entitled to be paid would come out of that and be offset from it or reduced from it." Were it not for this oral agreement, Hensley would be entitled under his contingency fee contract to collect his entire fee from the guardian in addition to the amounts owed by the guardian to Mr. Granese. And if that were the case, I would agree with the trial court that the total fee to be paid by the guardian, which could be as much as 67% of the first $1 million, would be excessive. See Florida Bar v. Moriber, 314 So. 2d 145, 148 (Fla. 1975) (noting that the question of whether a particular attorney's fee is excessive turns on multiple factors, including those

listed in what is now Florida Rule of Professional Conduct 4-1.5). I note that all too often a successor attorney's contingency fee agreement fails to completely and explicitly set forth the parties' expectations and agreement concerning the issue of duplicative fee awards should both lawyers claim fees. I recognize that the Florida Bar's form contingency fee agreement does not include a standard provision dealing with this issue. However, despite the absence of a standard provision, successor attorneys should consider this issue and address it in an addendum to their contingency fee agreements or they run the risk of having their contracted-for awards deemed excessive.