VILLANTI, Chief Judge,
Specially concurring.
While I concur in the majority opinion, I do so only because Attorney Jeffrey Hensley orally agreed with the guardian, and reiterated in sworn testimony to the court, that he “would be collecting a fee on the aggregate recovery and that out of that full total fee, then whatever Mr. Gránese is entitled to be paid would come out of that and be offset from it or reduced from it.” Were it not for this oral agreement, Hensley would be entitled under his contingency fee contract to collect his entire fee from the guardian in addition to the amounts owed by the guardian to Mr. Grá-nese. And if that were the case, I would agree with the trial court that the total fee to be paid by the guardian, which could be as much as 67% of the first $1 million, would be excessive.' See Florida Bar v. Moriber, 314 So.2d 145, 148 (Fla.1975) (noting that the question of whether a particular attorney’s fee is excessive turns on multiple factors, including those listed in what is now Florida Rule of Professional Conduct 4-1.5). I note that all too often a successor attorney’s contingency fee *656 agreement fails to completely and explicitly set forth the parties’ expectations and agreement concerning the issue of duplica-tive fee awards should both lawyers claim fees. I recognize that the Florida Bar’s form contingency fee agreement does not include a standard provision dealing with this issue. However, despite the absence of a standard provision, successor attorneys should consider this issue and address it in an addendum to their contingency fee agreements or they run the risk of having their contracted-for awards deemed excessive.